70074. PRICE v. HITCHCOCK.
(330 SE2d 807)

DEEN, Presiding Judge.

Appellant Nona Price brought a malpractice action against appellee Hitchcock, a chiropractor, alleging that she had sustained disabling injuries as the result of treatment which deviated from the standard of care exercised by chiropractors generally. The trial court denied plaintiff's motion for a directed verdict, and a jury found for defendant. Mrs. Price appeals, enumerating as error the court's denial of her motion for a directed verdict and the admission into evidence of a letter written by a physician who was not available for cross-examination. *Held*:

1. Careful scrutiny of the record in the instant case, including the depositions and the transcript of the four-day-long jury trial, reveals no reversible error on the part of the trial court. By no means can plaintiff's evidence be construed as demanding a verdict in her favor. Plaintiff's case therefore does not fulfill the mandate of OCGA § 9-11-50 (a): "If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall *demand* a particular verdict, such verdict shall be directed." (Emphasis supplied.) This enumeration is without merit.

2. We also find meritless appellant's second enumeration of er-

ror. The transcript clearly indicates that the allegedly inadmissible letter was admitted for the purpose of impeachment only, and that the jury was so instructed. "As a fundamental rule, the definition of hearsay does not include out-of-court statements which are not offered as proof of the facts asserted in such statement, but are offered merely as proof that such a statement was made." Green, Ga. Law of Evid., 2d ed., § 218 (Harrison 1982), quoted in *A Child's World v. Lane*, 171 Ga. App. 438, 439 (319 SE2d 898) (1984). Moreover, as the transcript further reveals, it was at the instance of counsel for the plaintiff — not defense counsel — that the actual contents of the letter were read in the hearing of the jury and admitted into evidence. It is well settled that when a party has himself induced what he subsequently assigns as error, he will not be heard to complain of it on appeal. *Burrell v. State*, 171 Ga. App. 648, 649 (320 SE2d 810) (1984).

Finding no error of law, we must affirm the judgment below.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

Decided April 18, 1985.

*M. Stan Ballew, Craig Alan Webster*, for appellant.
*Jesse W. Walters, W. Earl McCall*, for appellee.