## 72226. COWART v. ARA TRANSPORTATION, INC. et al.
### (344 SE2d 734)

DEEN, Presiding Judge.

Appellant Cowart, a plumber employed by the Georgia Institute of Technology, was injured when the van in which he was sitting was struck from the rear by a truck operated by appellee Terrell, an employee of appellee ARA Transportation, Inc. Cowart thereafter experienced pain in his back, neck, and legs, which did not appreciably improve in response to conservative treatment by several physicians. Appellant was referred to Dr. Exum Walker, a neurosurgeon, who, after the exercise and therapy he initially prescribed produced little improvement, performed a two-step spinal fusion surgical procedure. This afforded appellant considerable relief, according to his testimony. The state contested Dr. Walker's bill as not complying with the Workers' Compensation Act requirements, and the matter was brought before a peer review committee, which found that the charges were not "usual and customary" and ruled that Dr. Walker should be paid for one step of the surgery but not for both. An administrative law judge (ALJ) affirmed the committee's decision, and the full Board of Workers' Compensation affirmed that of the ALJ. Dr. Walker, pursuant to OCGA § 34-9-205, deleted the charge for the second step of the two-step procedure.

In his personal injury action against appellees, Cowart sought damages of $39,000 for medical expenses and lost wages, plus damages for pain and suffering. The principal problem presented by the plaintiff plumber pertains to the court's directing a verdict favorable to Cowart on the issues of negligence and agency, and the jury's awarding a total of only $27,500. *DiMauro v. Barber*, 133 Ga. App. 590 (211 SE2d 624) (1974). Cowart appeals from this judgment, contending that it was error to allow appellee to "force" the introduction of testimony regarding the reduction (or "withdrawal") of Dr. Walker's fee in response to the ruling of the Board of Workers' Compensation, supra. He alleges that the trial court erred in requiring appellant to answer a question concerning the peer review committee's decision, thereby causing both the collateral source rule and the hearsay rule to be violated. *Held*:

Appellant states his sole enumeration of error in the following language: "The trial court erred by permitting the defense . . . to force the introduction of evidence showing that part of plaintiff's medical expenses was [*sic*] disallowed by a peer review committee of the State Board of Workers' Compensation. The introduction of that evidence violates the collateral source and the hearsay rules, and requires reversal."

Examination of the three-volume trial transcript reveals that the episode during which appellant was allegedly "forced" to introduce

allegedly prejudicial evidence actually consisted of three stages, or exchanges between counsel for the two parties and between counsel and appellant while the latter was testifying from the witness stand. In the first stage, or exchange, appellee's counsel asked appellant on cross-examination, "I want you to look at these two surgical procedures that [Dr. Walker] has charged you for. Isn't it true that he has withdrawn the charges for one of these procedures?" Before appellant had an opportunity to answer, his counsel objected and requested a conference outside the jury's hearing. During this conference he moved for a mistrial (which motion the court denied) on the basis that appellees' counsel was introducing insurance and workers' compensation benefits for the jury's consideration, in contravention of the collateral source rule. The court ruled that since Dr. Walker's bill for the second surgical procedure (the procedure which he had deleted in response to the Board of Workers' Compensation's ruling that only one step of the two-step surgical procedure was compensable under the Workers' Compensation Act) had been tendered in evidence, then appellee had a right to cross-examine appellant regarding that matter. Counsel excepted to the ruling, and the court ordered that the jury be brought in. Thereupon the second exchange took place, as follows:

"Q. [By appellees' counsel] Mr. Cowart, let me repeat my question so that the jury can remember: The charge on p. 2 of this bill for the laparotomy and fusion of $3,200, isn't it a fact that Dr. Walker withdrew that charge?

"A. So far as I know, he did.

"Q. And that was for the second surgical procedure?

"A. Yes, sir.

"Q. The one where he went in through your stomach?

"A. Yes, sir."

Counsel then proceeded to cross-examine appellant on another matter.

The third stage of the challenged episode occurred some quarter-hour or more later, after the morning recess. Appellant's counsel recalled appellant to the stand for redirect examination, which consisted *in toto* of the following:

"Q. [By appellant's counsel] With regard to the charge that you understand was withdrawn, that Dr. Walker had made, why do you understand that it was withdrawn?

"A. I don't know exactly why it was withdrawn, that Georgia Tech won't pay the bill, and I won't be charged for it. I didn't understand how that was."

The record shows that during his videotaped deposition, Dr. Walker was asked by appellees' counsel whether "after performing the surgery, you had to appear before a peer review committee," whereupon appellant's counsel objected "to this entire line of ques-

tioning." In his reply to the question, Dr. Walker said, *inter alia*, "The insurance carrier requested that the Board review this regarding whether or not the fees are usual and customary. And the Board reviewed it and concluded that the fees were not usual and customary . . ."

Our analysis of the challenged evidence is that, except for Dr. Walker's use in his videotaped deposition of the terms "insurance carrier" and "Board," the words "insurance," "workers' compensation," and similar terms were not used at all during the trial, except in a jury instruction, requested by appellant's counsel, to the effect that workers' compensation benefits were to be disregarded. It would have been reasonable (to the extent that they noted at all the use of the words "insurance" and "Board") for the jurors to infer that these terms referred only to workers' compensation benefits — as in fact they did. Any prejudice that might have ensued from these references should have been cured by the trial court's express instruction that workers' compensation benefits were not to be taken into account by the jury in computing any award of damages.

We are not persuaded by the arguments propounded by appellant that he was forced to introduce evidence that violated either the hearsay or the collateral source rule. The cases he cites in support of these contentions differ so materially on their facts that their teachings concerning the collateral source and hearsay rules are inapplicable to the case at bar. Upon analysis of the proceedings below, it appears to us, first, that the evidence which came in subsequent to — or as a consequence of — appellees' counsel's challenged question did not in and of itself necessarily suggest that a collateral source was involved — except, possibly, for workers' compensation, which the jury, in an instruction requested by appellant, was affirmatively instructed to disregard; and, second, that appellant might have chosen at various points in the trial to employ tactics that would have more effectively implemented the professed strategy of walking wide of the forbidden areas: most notably, he might have chosen to omit from the list of medical expenses the charge for the second step of the two-step surgical procedure, which Dr. Walker had deleted and which appellant himself testified on redirect examination, supra, that he would not have to pay.

In short, appellant simply does not convince us that improper evidence was "forced" into the proceedings, or that any harm flowed from the introduction of the allegedly prejudicial matter. See, e.g., *Best Concrete Prods. v. Medusa Corp.*, 157 Ga. App. 97 (276 SE2d 147) (1981). Our thorough examination of the entire record reveals no reversible error in the proceedings below.

*Judgment affirmed. Benham, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur but must say that the basis of appellant's complaint is his wrong answer to the question asked on cross-examination. The evidence which he had introduced included Dr. Walker's statement for neurological surgery services rendered and included both the $3,400 for the September 13 laminectomy and the $3,200 for the September 20 laparotomy and fusion. The board had allowed the doctor payment under workers' compensation coverage for only one surgery, pursuant to the procedure provided in OCGA § 34-9-205. Plaintiff, however, claimed in the lawsuit that he was entitled to recover from the negligent defendant and defendant's employer the cost of both surgeries, because they were medically necessary. Thus, when the cross-examiner asked whether the doctor had not "withdrawn the charges for one of the procedures," the correct answer would have been to the effect: "no; it is still due to be paid to him (or it has been paid to him)." Instead, plaintiff apparently thought about it narrowly, only in the context of the doctor's submission to the workers' compensation board.

That is what drew into the case the pressure to clarify what the plaintiff meant. He wanted to keep from the jury the fact that the peer review committee, made up of other doctors, had considered the charge for two surgeries not "usual and customary," because of its potential adverse effect on their determination of the second surgery's medical necessity. But his own testimony, given in answer to a perfectly legitimate question, occasioned it. The *question* was permissible because the cross-examiner was testing the plaintiff's right to recover the amount claimed: was it, or was it not, recoverable as damages? *Apparently* not, as plaintiff later testified that he would not be charged for the second surgery.

DECIDED APRIL 16, 1986.

*Michael Weinstock, Steven Montalto*, for appellant.
*Nicholas C. Moraitakis, Eve A. Appelbaum*, for appellees.