## 75136. PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY v. O'BERRY et al.
### (362 SE2d 157)

BANKE, Presiding Judge.

We granted a discretionary appeal in this workers' compensation case to review the insurer's contention that, while the board may inquire into and enforce compliance with its own rules governing cancellation of coverage, it does not have the authority to enforce compliance with statutory provisions such as OCGA § 33-24-44 (b), governing cancellation of insurance policies generally. In the present case, the insurer sent a timely notice to the board, in compliance with board Rule 126 (d), declaring its intention to cancel the employer's coverage; however, it failed to send the employer a timely notice of its

intention in this regard, in compliance with OCGA § 33-24-44 (b). *Held*:

The issue raised by the appellant has previously been resolved adversely to it in such cases as *Holcomb v. Southern Guarantee Ins. Co.*, 143 Ga. App. 788 (240 SE2d 128) (1977), and *Bituminous Cas. Co. v. Renfroe*, 130 Ga. App. 621 (204 SE2d 317) (1974). Accord *Hanover Ins. Co. v. Sharpe*, 148 Ga. App. 195, 199 (250 SE2d 815) (1978) (holding that the board "has authority to determine which insurance carrier has the coverage and therefore is responsible to pay the compensation which it directs to be paid to the claimant.")

The appellant's reliance on *Patterson v. Curtis Pub. Co.*, 58 Ga. App. 211 (198 SE 102) (1938), for the proposition that "the Board does not have the power to delve into the contractual relationship . . . between the employer and the insured" is misplaced, as *Patterson* contains no such language or holding. "[O]ne of the goals of the [Workers' Compensation Act] is to provide insurance coverage or its financial equivalent by self-insurers for protection in the event an employer became insolvent." *Bituminous Cas. Co. v. Renfroe*, supra, 130 Ga. App. at 626. Achievement of this goal is quite obviously advanced by the board's enforcement of statutory requirements designed to prevent cancellation of coverage without advance notice to the employer.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED OCTOBER 21, 1987.

*Elton L. Wall, Leland M. Malchow*, for appellant.
*Vernon L. Chambless, Rudolph J. Chambless, Jack J. Helms*, for appellees.