76961. TROUT v. HARRISON et al.
(372 SE2d 651)

BANKE, Presiding Judge.

Trout brought this medical malpractice action against Dr. Harrison and the professional corporation which employed him to recover for injuries she allegedly sustained due to complications from gynecological surgery. This appeal follows a jury verdict in the defendants' favor.

Dr. Harrison performed an elective bipolar electro-coagulation procedure, more commonly known as tubal ligation, on the plaintiff,

who subsequently required additional surgery to correct a perforated intestine. All but one of plaintiff's enumerations of error on appeal are directed to the court's charge to the jury. *Held*:

1. The appellant contends that the trial court erred in failing to give a requested jury instruction to the effect that she was required only to prove that Dr. Harrison was negligent in one of the ways alleged, not all of them. The jury was instructed that "if you find from the evidence that the proximate cause of injuries to the plaintiff, if any, was the result of *any* negligence of the defendants . . . then, in such event, you should return a verdict for the plaintiff. On the other hand, if you find that the defendant was not negligent *in any particular asserted by the plaintiff*, than you would find for the defendant." (Emphasis supplied.) The principle at issue was thus included in the court's instructions, with the result that the court did not err in failing to charge the requested language. See *Leverett v. Flint Fuel*, 183 Ga. App. 75, 80 (357 SE2d 882) (1987).

2. The appellant contends that the trial court erred in failing to give her requested charge to the effect that medical malpractice may consist of a breach of a physician's duty to diagnose. The complaint alleged that Dr. Harrison had negligently perforated the appellant's colon in performing the laporoscopic tubal ligation procedure, that he had negligently failed to diagnose and treat her for the complications resulting from the surgery, and that he had fraudulently attempted to conceal his alleged negligence. The trial court instructed the jury that they were not to consider the allegations of negligence with regard to the performance of the tubal ligation itself, because summary judgment had already been entered in the appellee's favor with respect to that allegation. However, the court then instructed the jury that they were to "consider the case with respect to the other allegations of negligence which the plaintiff asserts against the defendant; that is, the allegations dealing with failure to diagnose, treat, and care for the plaintiff, and the other allegations that the plaintiff has asserted. . . ." The charge as a whole was correct, and the requested legal principle was adequately covered therein. See generally *Ga. Farm &c. Ins. Co. v. Burton*, 176 Ga. App. 729 (2) (337 SE2d 455) (1985); *Hill v. Hosp. Auth. of Clarke County*, 137 Ga. App. 633 (5) (224 SE2d 739) (1976). Consequently, this enumeration of error is without merit.

3. The appellant enumerates as error the trial court's failure to give the following charge: "[T]he testimony of a party who offers himself as a witness in his own behalf if (sic) construed most strongly against him when it is self-contradictory, vague or equivocal and he is not entitled to a finding in his favor if that version of his testimony, the most unfavorable to him, shows the verdict should be against him."

Pretermitting whether Dr. Harrison's trial testimony was contradictory or equivocal or whether it conflicted with testimony he had given on previous occasions (see *Slaton Machine Sales v. Owens-Illinois*, 138 Ga. App. 80, 82 (3) (225 SE2d 473) (1976)), the requested charge had no applicability to the present case. The jury was provided with competent expert medical testimony, other than Dr. Harrison's, to the effect that no malpractice had occurred; and it has been held that the requested charge is inapplicable "unless there is *no* testimony — other than the party's own vague, contradictory and equivocal testimony — upon which a verdict in his favor might be returned. [Cits.]" *Weathers v. Cowan*, 176 Ga. App. 19, 21 (335 SE2d 392) (1985). Accord *Maurer v. Chyatte*, 173 Ga. App. 343 (3) (326 SE2d 543) (1985).

4. The appellant contends that the trial court erred in its instructions given to the jury in response to two questions posed by them during their deliberations. When asked by the trial court whether there were exceptions to any portion of these instructions, counsel for the appellant stated an objection with reference only to the court's response to the second question. The adequacy of the instructions given in response to the first question consequently is not before us. See generally OCGA § 5-5-24 (a); *Morris v. DeLong*, 183 Ga. App. 124 (2) (358 SE2d 285) (1987).

The jury's second question concerned the law regarding proximate cause. The court responded by repeating its original instructions on proximate cause and then asking the jurors whether the recharge had answered their question and whether they required additional clarification. No such need for further instruction was indicated. The appellant nevertheless asserts that the recharge was incomplete because it did not include instructions on the issue of contributing negligence.

"[W]hen a jury requests further instructions on a particular point, the court in its discretion may recharge in full or only on the point requested." *Brown v. City of Fitzgerald*, 177 Ga. App. 859, 861 (341 SE2d 476) (1986). The trial court's refusal to recharge the jury on the issue of contributory negligence clearly establishes no ground for reversal under the circumstances.

5. Finally, the appellant contends that the court erred in failing to enforce a pre-trial ruling on a motion in limine, prohibiting the introduction of certain evidence concerning Dr. Harrison's professional reputation. During his closing argument, Dr. Harrison's counsel argued that his client's "reputation is at stake," and that "he's a good doctor." The appellant interposed an objection at this time, which was sustained by the trial court. In addition, the court rebuked Dr. Harrison's counsel and instructed the jury to disregard the comments. See generally OCGA § 9-10-185. The appellant acquiesced in the trial

court's ruling, requesting no further curative action. Consequently, this enumeration of error presents nothing for review. See *Seaboard Coast Line R. Co. v. Wallace*, 227 Ga. 363 (180 SE2d 743) (1971).

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Warren N. Coppedge, Jr., Terry J. Miller*, for appellant.
*John T. Minor III, John P. Neal III*, for appellees.