A94A2668. SMART PROFESSIONAL PHOTOCOPY
CORPORATION v. DIXON.
(456 SE2d 233)

ANDREWS, Judge.

On October 21, 1992, Delores Dixon injured her back in the course of her employment for Kroger. She instituted a workers' compensation action and in connection therewith, she ordered medical records from her treating physician. Smart Professional Photocopy Corporation d/b/a Smart Corporation ("Smart"), a copy service which contracts with hospitals and other medical offices to provide photocopies of medical records to patients, provided her with copies of her medical records. Those records consisted of four pages and Smart billed Dixon $20. Dixon paid the $20.

On July 2, 1993, Dixon, for herself and unnamed others, filed suit in the Chatham County State Court against Smart. She claimed that she and the other class members were involved in workers' compensation claims in Georgia. She contended that she and the other class members requested copies of medical records from institutions which used Smart to supply copies of the medical records and that they were charged more for copies of medical records than is allowable under the rules of the State Board of Workers' Compensation pursuant to OCGA § 34-9-205. She claimed various damages, including punitive damages of $25 million.

Defendant Smart refunded Dixon $10, answered the complaint and filed a motion to dismiss. Along with its motion, Smart filed the affidavit of one of its attorneys, in which he avowed that prior to the receipt of Dixon's lawsuit, no demand was made upon Smart for return of the $10. In its motion to dismiss, Smart argued that the state court lacked subject matter jurisdiction over the claim.

The state court denied the motion, finding that the exclusive remedy provisions of the Workers' Compensation Act did not apply since Smart is not an employer or insurer. The court also found that the jurisdiction in the state court was proper, since the Workers' Compensation Act did not provide Dixon with an administrative remedy. Moreover, the court found that Dixon's injury did not arise out of and in the course of her employment, and thus that she was entitled to maintain a common law action.

We granted Smart's application for appeal. Here, in seven enumerations of error, and two "amended" enumerations, Smart argues that the trial court erred in not granting its motion to dismiss. Specifically, Smart contends: that under OCGA § 34-9-11 Dixon's ex-

clusive remedy was with the Workers' Compensation Board; that the court erred in finding that Dixon's injury did not arise out of her employment; that the court erred in finding that it had subject matter jurisdiction over this allegedly intentional violation of the Act; that the court erred in finding that the Board did not provide a remedy for an alleged violation of its own rules; and that the court should have dismissed the suit since Dixon failed to exhaust her administrative remedies.

The provision which Smart is alleged to have violated arises from the scheme set forth by OCGA § 34-9-205. OCGA § 34-9-205 (a) states: "Fees of physicians and charges of hospitals and other services under this chapter shall be subject to the approval of the State Board of Workers' Compensation. No physician, hospital, or other provider of services shall be entitled to collect any fee unless reports required by the board have been made." Subsection (b) provides that the Board "shall publish a list by geographical location of usual, customary, and reasonable charges for all medical services provided under subsection (a) of this Code section. The board may consult with medical specialists in preparing said list. Fees within this list shall be presumed reasonable. . . ." Board Rules 203 and 205 provide various procedures for when the amount of the expenses is disputed. Board Rule 200 (c) sets forth a manner in which the employee may receive medical records in the employer/insurer's possession at no cost.

The $.50 per page standard for copying medical records, upon which Dixon based her lawsuit, is contained in a document published by the State and adopted by the Board called the *Schedule of Fees for Physicians and Surgeons and Pharmaceuticals for Services Rendered Under the Georgia Workers' Compensation Law.* That document begins with a "Summary of Medical Provisions and Requirements" within which is a section entitled "Medical Reports." In that section, the document states: "The claimant, upon request of the employer/insurer, shall furnish copies of all medical records and reports in his/her possession. The employer/insurer shall, upon the request of the claimant, furnish copies of all medical reports in their possession. Upon failure of either party to furnish medical reports as provided above, the physician or other medical provider shall, upon request, furnish copies of all medical reports and bills in their possession at no expense to the claimant, reasonable cost to be charged against the party responsible for payment of medical expenses. Failure to submit reports required by the board will jeopardize payment of fees. *Copying medical records shall be billed at 50 cents per page with a minimum charge of $10.00. Special medical reports will be billed at reasonable charges, by agreement.*" (Emphasis supplied.)

As the state court found, the rules pertaining to the costs of copying are procedural rules and do not deprive the parties of any

substantive rights. The court correctly concluded that Smart was a "service provider" within the meaning of OCGA § 34-9-205 (a) and was governed by the schedule of fees outlined above.

The issue before us is whether the state court has jurisdiction of this case involving an alleged violation of this copying fee schedule. We conclude that it does not. OCGA § 34-9-58 provides that the State Board is the body statutorily charged with the enforcement of the Act. Pursuant to OCGA § 34-9-11 (a), "(t)he rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor. . . ." See generally *Bright v. Nimmo*, 253 Ga. 378 (320 SE2d 365) (1984).

Dixon argues that Smart is a third-party tortfeasor liable to suit and that the motion to dismiss was properly denied. This argument misunderstands the nature of the "right" created by the $.50 rule. Assuming arguendo that any "right" to $.50 copies is created by this provision, the provision certainly does not create a "tort" for which Dixon may seek redress in state court. Compare *Cox v. Brazo*, 165 Ga. App. 888 (303 SE2d 71) (1983); *Jim Walter Homes v. Roberts*, 196 Ga. App. 618 (396 SE2d 787) (1990); *Griggs v. All-Steel Bldgs.*, 209 Ga. App. 253 (433 SE2d 89) (1993). The violations Dixon alleged make sense only in the context of the Act; there is no common law right to have copies made for $.50. Board rules "may not enlarge, reduce, or otherwise affect the substantive rights of the parties." *Holt Svc. Co. v. Modlin*, 163 Ga. App. 283, 285 (293 SE2d 741) (1982).

In this matter, Dixon's redress, if any, is through the Workers' Compensation remedies. See generally *Cowart v. ARA Transp.*, 178 Ga. App. 766 (344 SE2d 734) (1986). OCGA §§ 34-9-21 and 34-9-18 provide penalties against parties who violate the rules of the Board and exclude Dixon's use of common law remedies. See *Bright*, supra at 381. The fact that Smart is neither Dixon's employer nor insurer is not dispositive.

Accordingly, the state court erred in failing to grant the motion to dismiss.

*Judgment reversed. Beasley, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 28, 1995 —
RECONSIDERATION DENIED MARCH 23, 1995 —

*Hunter, Maclean, Exley & Dunn, Arnold Young*, for appellant.
*Savage & Turner, Brent J. Savage, William L. Smith III*, for

appellees.