A95A1662, A95A1664. MULLIS et al. v. NC-CNH, INC. (two cases)
A95A1665. BURTON et al. v. MACON FAMILY MEDICINE.
A95A1667. SAPP et al. v. PHYSICIANS MRI.
A95A1668. PARKER et al. v. GEORGIA MAGNETIC IMAGING CENTER, LTD.
A95A1669. WILLIAMS et al. v. RADIOLOGY ASSOCIATES OF MACON, P.C.
(461 SE2d 237)

BLACKBURN, Judge.

Plaintiffs appeal the trial court's orders which dismissed their complaints for lack of jurisdiction and failure to state a claim upon which relief could be granted. The underlying complaints allege that the plaintiffs either had suffered on-the-job injuries or were suffering from workplace-related illnesses and that they had received authorized medical treatment from one of the defendants. Workers' compensation insurance covered the cost of their medical treatment. Plaintiffs further alleged that they suffered injury to their peace, happiness, and feelings upon receiving bills from the defendants in violation of OCGA § 34-9-205.

OCGA § 34-9-205, in pertinent part, provides that "[n]o physician or hospital or medical supplier shall bill the employee for authorized medical treatment." Plaintiffs claim that the defendants' alleged violations of this Code section created a tort entitling them to damages. In a similar case, Delores Dixon brought a civil action against a company which provided copies of medical records, at a cost higher than allowed, to patients for medical offices. *Smart Professional Photocopy Corp. v. Dixon*, 216 Ga. App. 825 (456 SE2d 233) (1995). The complaint sounded in tort and was based on the copying company's alleged violation of the rules of the State Board of Workers' Compensation pursuant to OCGA § 34-9-205. We determined that Dixon's redress was through the Workers' Compensation remedies. Id. at 827. See OCGA § 34-9-18.

In the present case, the plaintiffs contend that *Dixon* is inapplicable because it dealt with a violation of a rule and the present case deals with a violation of a statute. In our view, however, this distinction does not require a different result. OCGA § 34-9-58 provides: "The State Board of Workers' Compensation shall exercise all powers and perform all the duties relating to the enforcement of this chapter." Any duty arising from the provision contained in OCGA § 34-9-205 (b) requiring that medical service providers refrain from billing patients directly relates, by necessity, to the enforcement of the Workers' Compensation Act, because it is the Act itself which created the requirement. Furthermore, we have previously recognized the Board's authority to enforce statutory requirements consistent with the goals of the Workers' Compensation Act. See *Penn. Nat. &c. Ins. Co. v. O'Berry*, 184 Ga. App. 606, 607 (362 SE2d 157) (1987). In *O'Berry*, this court found that the Board was authorized to enforce a statutory provision unrelated to the Workers' Compensation Act. As plaintiffs' complaints are grounded upon an alleged violation of the Workers' Compensation Act, the trial court properly dismissed the underlying complaints for lack of jurisdiction. See also *Bright v. Nimmo*, 253 Ga. 378 (320 SE2d 365) (1984).

OCGA § 34-9-18 provides for assessment of general civil penalties upon any violation of the Board's rules or regulations. Effective July 1, 1995, OCGA § 34-9-18 was supplemented by the Georgia legislature with the addition of subsection (f) which provides: "All penalties and costs assessed under this Code section shall be tendered to the State Board of Workers' Compensation and made payable to the State of Georgia. All such penalties shall be deposited in the general fund of the state treasury." Plaintiffs contend this amendment leaves them without a remedy under the Workers' Compensation Act. We do not agree. It is clear that the Workers' Compensation Act contemplates a remedy through its provisions allowing punishment for infringements upon its rules, and as the Act contemplates a remedy the Board has

exclusive jurisdiction.

Furthermore, plaintiffs' right to damages, if any, vested at the point in which the medical service providers failed to follow the mandates of OCGA § 34-9-205 (b). The retroactive application of laws affecting or impairing vested rights is constitutionally prohibited. Ga. Const. 1983, Art. I, Sec. I, Par. X; cf. *Bituminous Cas. Corp. v. United Svcs. Auto. Assn.*, 158 Ga. App. 739, 740 (282 SE2d 198) (1981). Therefore, the enactment of OCGA § 34-9-18 (f) directing that all penalties be paid to the state, as opposed to our interpretation of the statute prior to this amendment allowing the Board to direct the payment of penalties to others, cannot be applied retroactively and does not affect the outcome of the decision in this case.

Based on the foregoing, plaintiffs' remaining enumerations of error are moot.

*Judgment affirmed. Beasley, C. J., McMurray, P. J., Birdsong, P. J., Pope, P. J., Andrews, Johnson, Smith and Ruffin, JJ., concur.*

DECIDED JULY 10, 1995 —
RECONSIDERATION DENIED AUGUST 14, 1995 — ■

*Middleton, Mixson, Orr & Adams, Richard H. Middleton, Jr., Peter C. Adams, John C. Peeples, Franc S. Exley*, for appellants.

*Chambless, Higdon & Carson, Joseph H. Chambless, Emmitte H. Griggs, Anderson, Walker & Reichert, Albert P. Reichert, Jr., Samuel G. Alderman III*, for appellees.