## A00A0435. HAMMOND v. LEE et al.
### (536 SE2d 231)

ANDREWS, Presiding Judge.

At issue in this case is whether Travelers Insurance Companies, which paid workers' compensation benefits to Schlanda Hammond for job-related injuries, is entitled to enforce a subrogation lien pursuant to OCGA § 34-9-11.1 (b) against lost wages and medical expenses recovered by Hammond in a suit against a third-party tortfeasor liable for the injuries. For the reasons which follow, we affirm the award of the lien against the amounts recovered in the suit for medical expenses and reverse the award of the lien against the amounts recovered in the suit for lost wages.

Travelers paid workers' compensation benefits to Hammond for lost wages and medical expenses arising out of a job-related automobile accident which occurred on July 5, 1994, in which a car driven by Hammond for her employer was struck from the rear by a car driven by Lee. Hammond sued Lee as a third-party tortfeasor for injuries she suffered in the accident, and Travelers, as the workers' compensation insurer for Hammond's employer, intervened in the suit to assert a subrogation lien pursuant to OCGA § 34-9-11.1 (b) against any recovery Hammond obtained from Lee.

Under OCGA § 34-9-11.1 (b), after an employer has paid workers' compensation benefits to an injured employee, the employer or its workers' compensation insurer is granted a subrogation lien for the benefits paid against the employee's recovery from a third-party tortfeasor found liable to the employee for the injury. To assert the lien, the statute allows the employer or its insurer to intervene in the suit brought by the employee against the third party. Under the statute, the lien is limited to the amount of the workers' compensation disability benefits, death benefits, and medical expenses paid to the employee, and the lien is recoverable only

> if the injured employee has been fully and completely compensated, taking into consideration both the benefits received under [the Workers' Compensation Act] and the amount of the recovery in the third-party claim, for all eco-

nomic and noneconomic losses incurred as a result of the injury.

OCGA § 34-9-11.1 (b).

Hammond's suit against Lee in which Travelers intervened was tried before a jury and was bifurcated into two phases. In phase one, Hammond's claim against Lee was tried before the jury under a ruling by the trial court to omit any reference to the fact that Hammond had been reimbursed for lost wages and medical expenses by workers' compensation coverage. Utilizing a special verdict form, the jury found that Lee was liable to Hammond for damages resulting from the accident and awarded a verdict in favor of Hammond in the following amounts: (1) medical expenses of $3,343; (2) past lost wages of $2,165; (3) future lost wages of $0; and (4) past and future pain and suffering of $2,500.

In phase two, the issue was whether Travelers was entitled to a subrogation lien pursuant to OCGA § 34-9-11.1 (b) against the amounts recovered by Hammond in phase one. In this phase, the jury heard additional evidence that Hammond filed a workers' compensation claim as a result of the accident and that Travelers paid Hammond in excess of $133,000 in workers' compensation disability and medical benefits, including $74,651.11 as disability benefits for lost wages and $58,679.50 in medical expenses. Evidence also showed that, although Travelers paid Hammond benefits for lost wages in the amount of $254.96 per week from the time of the accident on July 5, 1994, through the start of trial on November 18, 1998, this was less than Hammond's approximate weekly wage of $382.45 per week at the time of the accident. Although Hammond testified that she incurred $3,460.42 in medical expenses which were unreimbursed by workers' compensation, she also testified that the total amount of the medical expenses she incurred as a result of the accident was $47,475.79. Based on the evidence and on instructions from the trial court on the legal requirements for awarding a subrogation lien under OCGA § 34-9-11.1 (b), the jury reached a verdict finding that Hammond had been fully and completely compensated for all economic and noneconomic losses she incurred as a result of the injury and finding that Travelers was entitled to recover on its subrogation lien.

Based on the jury verdicts, the trial court entered a judgment for Hammond on her claim against Lee in the amount of $3,343 in medical expenses, $2,165 in past lost wages, and $2,500 for pain and suffering. The judgment further provided that, because the jury determined that Hammond had been fully compensated, Travelers was entitled to a subrogation lien against all the sums recovered by Hammond against Lee.

After Hammond moved for a new trial, the trial court issued an order pursuant to OCGA § 51-12-12 (b) concluding that Travelers was not entitled to a lien against the sums recovered by Hammond for pain and suffering and ordering that a new trial would be granted unless Travelers released its lien against the $2,500 recovered for pain and suffering. Travelers subsequently released its lien against the pain and suffering award. The trial court then issued an amended judgment stating that the total verdict of $3,343 in medical expenses, $2,165 in past lost wages, and $2,500 in pain and suffering recovered by Hammond was distributed as follows: (1) $2,669 was awarded to Hammond's attorney to satisfy an attorney fee lien of one-third of the total verdict; (2) $1,667 was awarded to Hammond representing two-thirds of the pain and suffering portion of the verdict after deduction of the attorney fee lien; and (3) Travelers was awarded $3,672 on its subrogation lien, which represented all of the verdict for medical expenses and lost wages after deduction of the attorney fee lien.

Hammond appeals from the amended judgment.

1. We agree with Hammond's claim that Travelers was not entitled to a subrogation lien against her recovery of $2,165 in past lost wages. Considering the lost wage benefits she received under the Workers' Compensation Act and the amount of lost wages she recovered in the third-party claim against Lee, the evidence shows that Hammond was not fully and completely compensated, as required by OCGA § 34-9-11.1 (b), for the wages she lost as a result of the disabling injury she suffered in the accident. The evidence showed that Hammond's wages prior to the injury she suffered on July 5, 1994, averaged $382.45 per week and that Travelers paid wage benefits of $254.96 per week through the time of the trial which started on November 18, 1998. The difference in these figures amounts to over $28,000 in unreimbursed lost wages at the time of the trial. Accordingly, the Workers' Compensation Act benefits paid by Travelers did not fully compensate Hammond for past lost wages, and the amount of past lost wages for which Hammond remained uncompensated at the time of trial exceeded the $2,165 she recovered for past lost wages in the third-party claim against Lee. Even if we assume, as Travelers claims, that it paid Hammond a total of $74,651.11 in lost wage benefits prior to trial, this sum still falls about $12,000 short of fully reimbursing Hammond for her past lost wages calculated at $382.45 per week from the date of the injury on July 5, 1994, through the start of the trial on November 18, 1998. It follows that there was no evidence to support the verdict in phase two finding that Travelers was entitled to a subrogation lien pursuant to OCGA § 34-9-11.1 (b) against Hammond's recovery of past lost wages. *North Bros. Co. v. Thomas*, 236 Ga. App. 839, 841-842 (513 SE2d 251) (1999).

2. As to the medical expenses in the amount of $3,343 recovered by Hammond in the suit against Lee, we find no error in the award of a subrogation lien to Travelers against this sum after deduction of the attorney fee lien. Although Hammond testified that she incurred $3,460.42 in medical expenses for which she had not been reimbursed, she also testified that the total amount of her medical expenses resulting from the injury was $47,475.79. Other undisputed evidence showed that Travelers paid a total of $58,679.70 in medical benefits to Hammond as a result of her injury. This evidence was sufficient to support the verdict in phase two finding that the workers' compensation medical expense benefits paid to Hammond along with the medical expenses she recovered from Lee were more than sufficient to fully and completely compensate her for medical expenses she incurred as a result of the injury. *North Bros.*, 236 Ga. App. at 841-842.

3. Travelers paid nothing to Hammond to compensate her for noneconomic losses like pain and suffering. Hammond's only compensation for this loss was her recovery from Lee in the amount of $2,500. Since awarding a subrogation lien against the $2,500 recovery for pain and suffering would leave Hammond uncompensated for this noneconomic loss, the trial court correctly amended the judgment to reflect that Travelers had no subrogation lien against the amount recovered by Hammond for pain and suffering. *North Bros.*, 236 Ga. App. at 841.

4. Contrary to Hammond's contention, we find no error in the trial court's decision to bifurcate the case into two phases and to try each phase before the same jury. In phase one, Hammond tried her claim against Lee and recovered a verdict for damages resulting from her injury in the accident. During this phase, the trial court properly excluded prejudicial references to the fact that Hammond had received collateral source benefits from workers' compensation insurance. *Denton v. Con-Way Southern Express*, 261 Ga. 41, 43 (402 SE2d 269) (1991), overruled on other grounds, 262 Ga. 374, 376 (418 SE2d 27) (1992). In phase two, the issue of whether Travelers was entitled to a subrogation lien against Hammond's recovery from Lee was tried. In order to enforce the lien, Travelers was required to show, without regard to the tort principles applied in Hammond's claim against Lee, that Hammond had been "fully and completely compensated," within the meaning of OCGA § 34-9-11.1 (b), for all of her economic and noneconomic losses incurred as a result of the injury. *Homebuilders Assn. of Ga. v. Morris*, 238 Ga. App. 194, 196 (518 SE2d 194) (1999); *Bartow County Bd. of Ed. v. Ray*, 229 Ga. App. 333, 334-335 (494 SE2d 29) (1997). In this phase, the jury was authorized to consider evidence of Hammond's economic and noneconomic losses incurred as a result of the injury, along with evidence of compensa-

tion received by Hammond for such losses from workers' compensation benefits and the amounts recovered in the claim against Lee. See *Sommers v. State Compensation Ins. Fund*, 229 Ga. App. 352, 354-355 (494 SE2d 82) (1997). It was then the duty of the jury to find the facts from the evidence, take the law from the trial court's instructions, and apply the law to the facts proved by the evidence. *Smoky, Inc. v. McCray*, 196 Ga. App. 650, 656 (396 SE2d 794) (1990).

5. There is no merit to Hammond's claim that the trial court should have granted a new trial because the verdict awarded in her claim against Lee in phase one was less than the proved medical expenses. A verdict for less than the amount of the proved medical expenses is not so inadequate as to require a new trial where, as in the present case, there was evidence that Hammond's complaints were at least partially related to her physical condition prior to the accident with Lee. *Turpin v. Worley*, 206 Ga. App. 341, 342 (425 SE2d 895) (1992). The question of damages was for the jurors who weighed the evidence and determined the credibility of the witnesses. Id. at 343; OCGA § 51-12-12.

*Judgment affirmed in part and reversed in part. Ruffin and Ellington, JJ., concur.*

DECIDED JUNE 22, 2000 —
RECONSIDERATION DENIED JULY 10, 2000.

*Bobby D. Simmons*, for appellant.
*Cooper & Makarenko, Gary M. Cooper, Donahue, Hoey, Rawls, Skedsvold & Richards, Craig R. White*, for appellees.