A05A2259. BOOKER v. THE OLDER AMERICANS COUNCIL OF MIDDLE GEORGIA, INC.

(629 SE2d 69)

BERNES, Judge.

Johnny Booker appeals from the trial court's decision denying his motion for a new trial following the entry of judgment on a jury verdict in his personal injury lawsuit. Booker contends that the trial court erred in failing to follow the mandates of OCGA § 9-10-185 when defense counsel made improper argument as to the financial interest of Booker and his attorneys; in failing to grant a new trial based upon the introduction of evidence regarding Booker's settlement of two prior, unrelated claims and of collateral source benefits; and in failing to grant a new trial based on the alleged inadequacy of the jury's verdict. For the following reasons, we affirm.

Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict.

(Citation omitted.) *Ewaldsen v. Atlantic Ins. Brokers*, 267 Ga. App. 347, 347-348 (599 SE2d 223) (2004).

The evidence adduced at trial shows that on or about October 20, 1999, while stopped at a red light, Booker's vehicle was struck from behind by a vehicle driven by an employee of appellee The Older Americans Council of Middle Georgia, Inc. The impact pushed Booker's vehicle into another vehicle. Booker contended the accident aggravated a preexisting condition of degenerative discs in his neck.

After the accident, Booker underwent surgery to remove and replace two of three degenerative discs. Booker's orthopedic surgeon testified that Booker was no longer having problems and seemed to be healing well after the surgery. However, when Booker later began to complain of neck and back pain, his physicians indicated that he would need to have another surgery to repair the third damaged disc.

Booker's claim for damages included past and future medical expenses, lost wages, and pain and suffering. He requested a jury verdict in the total amount of $1,546,143.70. Instead, in its special verdict form, the jury returned a verdict awarding the total amount of $46,500, including $30,000 for past medical expenses; $10,000 for past lost income; and $6,500 for pain and suffering. No award was given for Booker's claims of future medical expenses and future lost income. The trial court entered judgment accordingly, and denied Booker's motion for a new trial.

1. Citing OCGA § 9-10-185,[1] Booker contends that the trial court erred in failing to rebuke defense counsel and to give proper instructions to the jury after defense counsel argued:

> As you can see from the large number, 1.2 or 1.5 million that they're seeking to recover from this case, this case is not about fairness or justice. As I told y'all earlier, this case is about greed and greed on top of greed. . . . [E]verybody sitting at the table with Mr. Booker has a financial interest in the outcome of this case.

Clearly, the argument was improper. *Stoner v. Eden*, 199 Ga. App. 135, 137 (404 SE2d 283) (1991). However, Booker made no objection at the time the argument was made. His failure to lodge a timely

---

[1] OCGA § 9-10-185 provides:
[w]here counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds.

objection waives this allegation of error on appeal. *Menningmann v. Independent Fire Ins. Co.*, 187 Ga. App. 118, 119 (369 SE2d 295) (1988).

Furthermore, when the matter was brought to the trial court's attention during the course of a bench conference, the trial court informed defense counsel that the line of argument was improper and would not be allowed. Booker did not ask the trial court to further rebuke counsel or to give a curative instruction to the jury. We will not "reverse [a] trial court for not taking an action that was not requested at trial." *Dascombe v. Hanley*, 270 Ga. App. 355, 359 (606 SE2d 602) (2004).

Only after the jury had been charged and retired for deliberations, did Booker request that counsel be rebuked in the jury's presence and informed that the challenged argument was improper. The trial court then brought the jurors back into the courtroom and gave them an instruction relative to the matter. Booker made no objection to the trial court's instruction as given and did not move for a mistrial; he acquiesced to the trial court's ruling. Thus, this allegation of error presents nothing for review. *Trout v. Harrison*, 188 Ga. App. 246, 249 (372 SE2d 651) (1988).

2. Booker next contends that the trial court erred in denying his motion for new trial despite the improper introduction of testimony regarding his settlement of two prior, unrelated claims. Booker filed a motion in limine to exclude evidence concerning his prior workers' compensation claims and the settlement of a prior automobile accident claim that occurred four years earlier.

Nonetheless, during direct examination of Booker by his own counsel, the terms of his two prior settlements were voluntarily interjected into evidence. In response to his counsel's question, "Are you divorced?", Booker responded, "Yes I am. I was getting money from the incident that happened at Timberlake. It wasn't a big check but I was getting a little something. I didn't sue them or anything, I just got a little small check compensating me for wages or time or something." Thereafter, as Booker's counsel examined him as to his medical bills, Booker again voluntarily interjected that he had insurance.

Prior to defense counsel's cross-examination of Booker, the trial court ruled and Booker *agreed* that defense counsel could inquire as to whether Booker made a claim for prior injuries, but could not inquire into the specific sources of benefits or settlement of any claims made. During Booker's subsequent cross-examination, when Booker was asked whether he made a claim for his injury in a prior accident, he responded, "[t]hey paid me for the damage to my truck and they give [sic] me a settlement. I think it was less than about $3,000 worth."

"It is well settled that when a party has himself induced what he subsequently assigns as error, he will not be heard to complain of it on appeal." (Citation omitted.) *Price v. Hitchcock*, 174 Ga. App. 606, 607 (2) (330 SE2d 807) (1985). Because Booker interjected the settlement evidence through his own unresponsive testimony, this allegation of error presents nothing for review. Id.

3. Booker further asserts that he was entitled to a new trial due to the improper introduction of testimony concerning collateral source benefits. Collateral source benefits, such as payment of insurance proceeds, are inadmissible and can be grounds for a mistrial. *Denton v. Con-Way Southern Express*, 261 Ga. 41, 42 (402 SE2d 269) (1991), overruled on other grounds, *Grissom v. Gleason*, 262 Ga. 374 (418 SE2d 27) (1992). Although defense counsel did not explicitly question him about collateral source benefits, Booker claims defense counsel posed questions on cross-examination calculated to elicit responses implying that he was receiving such benefits.

We disagree. Defense counsel's questions, and Booker's responses, did not necessarily create an inference that Booker was receiving collateral source benefits. Rather, the testimony drawn out by defense counsel's questions instead may plausibly be construed as suggesting that Booker had mounting expenses but remained voluntarily unemployed. In this regard, the purpose of defense counsel's questioning would not have been to elicit testimony concerning collateral source benefits, but to buttress the defense argument that all of Booker's lost wages were not attributable to the accident. See *Dietz v. Becker*, 209 Ga. App. 678, 680 (3) (434 SE2d 103) (1993). Since the colloquy at issue "did not in and of itself necessarily suggest that a collateral source was involved," *Cowart v. ARA Transp.*, 178 Ga. App. 766, 768 (344 SE2d 734) (1986), we decline to hold that the prohibition against introducing collateral source evidence was violated in this case. As such, there was no error.

4. Booker finally claims that the trial court erred in denying his motion for new trial based on the inadequacy of the jury's verdict. Booker asserts that in light of the evidence establishing medical bills totaling almost $61,000, the jury's verdict of only $46,500, with a mere $30,000 being awarded for past medical bills, was patently inadequate.

"An excessive or inadequate verdict is a mistake of fact rather than of law and addresses itself to the discretion of the trial judge who, like the jury, saw the witnesses and heard the testimony." (Citation and punctuation omitted.) *Stewart v. Med. Center of Central Ga.*, 239 Ga. App. 90, 92 (520 SE2d 747) (1999).

Whether the verdict was inadequate is an issue which is addressed to the discretion of the trial judge and the standard of review in this court is whether the trial judge abused his discretion in denying the motion for new trial. The general rule on appeal of an award of damages is that a jury's award cannot be successfully attacked so as to warrant a new trial unless it is so flagrantly excessive or inadequate, in light of the evidence, as to create a clear implication of bias, prejudice, or gross mistake on the part of the jurors. Even though the evidence is such as to authorize a greater or lesser award than that actually made, the appellate court will not disturb it unless it is so flagrant as to shock the conscience. Moreover, the trial court's approval of the verdict creates a presumption of correctness that will not be disturbed absent compelling evidence.

(Citations and punctuation omitted.) *Wells v. Roberts*, 225 Ga. App. 112, 113 (1) (483 SE2d 339) (1997).

The evidence showed that Booker had sustained a prior injury to his back during a slip and fall work accident, a prior strain to his back as a result of another work accident, and a prior injury to his neck and back during an earlier automobile accident. A myelogram taken before the accident revealed that Booker had a preexisting degenerative disc condition in his neck, which could have been caused by his age, day-to-day wear and tear activities, or prior traumatic events.

Booker acknowledges that his condition of degenerating discs in his neck preexisted the accident, and that he was not entitled to recover for injuries or costs unrelated to the accident. Nonetheless, he contends that he was entitled to recover the full amount of his special damages. We disagree.

As to past medical expenses, the jury was entitled to conclude from the evidence that, irrespective of the accident, his preexisting medical conditions would have required him to undergo some or all of the same medical treatment. "A verdict for less than the amount of the proved medical expenses is not so inadequate as to require a new trial where, as in the present case, there was evidence that [Booker's] complaints were at least partially related to [his] physical condition prior to the accident. . . ." *Hammond v. Lee*, 244 Ga. App. 865, 869 (5) (536 SE2d 231) (2000).

The evidence also presented a question as to the validity of Booker's claim for future medical expenses. Although his physicians recommended a second surgery to repair the third disc in 2002, Booker had previously stated that he did not intend to have the second surgery and indeed had not had the surgery performed as of the time of trial, approximately two years later. Thus, even though

Booker attempted to show that he would incur future medical expenses associated with the second surgery, the jury was entitled to conclude that it was unlikely Booker would ever have the surgery performed. The jury's decision not to award future medical expenses does not imply error.[2]

In light of the evidence, the jury's award was not so flagrantly inadequate as to shock the conscience. The trial court did not abuse its discretion in denying Booker's motion for new trial.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED MARCH 23, 2006.

*Reynolds & McArthur, W. Carl Reynolds, Katherine L. McArthur, Bradley J. Survant, Gambrell & Stolz, Charles M. Cork III,* for appellant.

*Donahue, Hoey & Skedsvold, Craig R. White, Randy Howard,* for appellee.

---

[2] Booker further testified that he had been involved in a subsequent accident in October 2002, and that his doctor told him that he had a small sprain. This evidence also could have been considered in evaluating Booker's claim for future expenses.