19403.   WESTBROOK, Trustee, *et al. v.* WESTBROOK.

ARGUED JUNE 12, 1956—DECIDED JULY 9, 1956.

*Gower & McCormick,* for plaintiff in error.

*Graydon D. Reddick, Wright & Reddick,* contra.

WYATT, Presiding Justice. The law of this State with reference to the creation of trusts provides as follows: "All express trusts shall be created or declared in writing." Code § 108-105. "Trusts are implied—1. Whenever the legal title is in one person, but the beneficial interest, either from the payment of the

474

purchase money or other circumstances, is either wholly or partially in another. 2. Where from any fraud, one person obtains the title to property which rightly belongs to another. 3. Where from the nature of the transaction it is manifest that it was the intention of the parties that the person taking the legal title should have no beneficial interest. 4. Where a trust is expressly created, but no uses are declared, or are ineffectually declared, or extend only to a part of the estate, or fail from any cause, a resulting trust is implied for the benefit of the grantor, or testator, or his heirs." Code § 108-106. "Whenever the circumstances are such that the person taking the legal estate, either from fraud or otherwise, cannot enjoy the beneficial interest without violating some established principle of equity, the court will declare him a trustee for the person beneficially entitled, if such person shall not have waived his right by subsequent ratification or long acquiescence." § 108-107.

It is clear that, if the plaintiff in error is entitled to recover, it must be upon the theory of an implied trust or trust ex maleficio. This court in *Mays* v. *Perry*, 196 *Ga.* 729 (27 S. E. 2d 698), said: "A complainant who seeks relief based on the doctrine of trusts ex maleficio must allege more than the breach of a verbal promise. There must be an unequivocal allegation of positive fraud accompanying the promise, by means of which the acquisition of the legal title was consummated. General allegations as to an entire course of fraudulent conduct are not sufficient, in the absence of a specific averment that the promise was made to be broken." (Headnote 1.) "There is no averment that the original promise of Perry was made with the intention of breaking it. Inasmuch as the doctrine of trusts ex maleficio with respect to land can never be applied when there is nothing more than a broken verbal promise (otherwise the statute of frauds would be virtually abrogated), and since in order for such a promise to be the basis of a constructive trust it must have been made with the intention of being broken and for the purpose of thereby obtaining title, a person who seeks relief on account thereof must unequivocally allege the particular facts constituting the fraud relied on to vitiate the transaction. (P. 735.) See also, *Jones* v. *Robinson*, 172 *Ga.* 746 (158 S. E. 752).

In the instant case, there is no allegation to the effect that any promise was made with the present intention of being broken. The petition is fatally defective for other reasons. It appears that the division of this property was made in a partition proceeding, and it does not appear that the division of the property was not fair and equitable. The plaintiff in error received property in this division which she retains. No attack is made upon the judgment of the court making the division. The petition further fails to show that the plaintiff in error has sustained any injury. As appears from the authorities above cited, the law with reference to the creation of implied trusts must be strictly complied with. The petition in the instant case fails to allege the facts necessary to create an implied trust.

It follows from what has been said above, the judgment sustaining the general demurrer to the petition was not error.

*Judgment affirmed. All the Justices concur.*