## 48599. HASTY v. MEADERS.

DEEN, Judge. The appellant, defendant in the trial court, entered into a contract to construct a house for the plaintiff according to certain specifications. The plaintiff eventually filed suit alleging that 21 items had not been properly completed, and that late delivery of the premises had forced him to pay $475 in rent elsewhere for the interim period. The jury returned a verdict for $3,064, the exact amount sued for (disregarding an error in addition). The appellant contends that the verdict is without evidence to support it in the amount rendered, in that as to several items of damage the amount is proved only by hearsay testimony which, although admitted without objection, has no probative value. *Held:*

1. One of the larger deficiencies which was the subject of testimony was that the fireplace was improperly constructed and the cost of fixing it so that it would draw properly would be $1,150. A letter addressed to the plaintiff and signed by one Harlan Harp stated: "I will repair fireplace (in listed particulars). All material and labor furnished for $1,150." The letter was tendered in evidence and excluded on the ground that it was hearsay; however, it is certified as having been sent out to the jury with other evidence in the case. The only other evidence relating to repairing the fireplace is that of the plaintiff who testified: "Q. State whether or not you're generally familiar with the cost of repairing houses and fixing things about a house. A. I'm pretty

familiar now. Q. Can you answer the question? A. Yes. I'm familiar with the materials and with fireplaces. Q. All right, sir. Based upon what you have just testified to, your familiarity and the fact that you talked to people about it, do you have an opinion as to the value — as to the amount that it would take to put that fireplace in order? A. Yes, sir. Q. What is that amount? A. $1,150." There was no objection to the evidence, which constituted an opinion on the part of the witness, on the ground that a proper foundation has not been laid. "Where the question under examination . . . shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor." Code § 38-1708. Value is a matter of opinion. *Baker v. Goddard,* 205 Ga. 477 (10) (53 SE2d 754). Where repairs have been made, as where a sale has been made, the price is a matter of fact, but what the expense of future repairs may be is, like value, a matter of opinion. This is well proved by the fact that three estimates for the same repairs are more likely than not to fluctuate between themselves. Therefore, although the statements in the letters were hearsay, which of itself has no probative value, yet evidence of value may be founded on hearsay (*Garner v. Gwinnett County,* 105 Ga. App. 714 (1) (125 SE2d 563)) and so, in part, may evidence of the cost of restoring a thing to its former value. Any error in allowing the document to go to the jury room was harmless, in view of the other evidence in the case. We regard the testimony as to the cost of repairing the other defects in the construction when turned over to the buyer, in the same way, as constituting opinion evidence, or at the most conclusory statements of the witness, but not as being totally without probative value as hearsay is when applied to statements of fact. *Eastlick v. Southern R. Co.,* 116 Ga. 48 (42 SE2d 499). There is direct evidence as to the quality and extent of each item of damage claimed, and some evidence as to what, in the opinion of the witness, it would take to repair the defect. The verdict is accordingly supported by evidence. The statement that the house was not built in a workmanlike manner was also an opinion which, in view of the facts testified, the witness was qualified to give.

2. The defendant counterclaimed for $1,874 for extras. He admitted he had received a check for $1,295 in addition to the amounts to be paid for the house under the contract, and the plaintiff contends that this check amounts to an accord and satisfaction for all extras. The plaintiff also contends that the defendant

cannot collect any amount for extras since, under the contract, liability must be evidenced in writing and filed with the architect. Although such a provision appears in the original contract, the evidence demands a finding that both parties waived it because it is agreed that extras were ordered and that some extras were paid for. But whether the payment made was intended as an accord and satisfaction, and was accepted as such, is a subject of dispute. If it was not, the plaintiff would owe the defendant some amounts to be set off against the verdict owing for the amount by the defendant to the plaintiff. This being so, it was error for the trial court to direct a verdict against the counterclaim.

*Judgment affirmed in part; reversed in part. Bell, C. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 12, 1973 — DECIDED OCTOBER 5, 1973 — REHEARING DENIED OCTOBER 24, 1973 —

*Edwards, Awtrey & Parker, A. Sidney Parker,* for appellant.
*G. Robert Howard,* for appellee.