48582, 48583. WALLIS v. ODOM (two cases).

CLARK, Judge. These two appeals are by a wife and husband, plaintiffs below, from judgments for defendant. The judgments were in conformance with verdicts adverse to appellants in companion suits filed by the spouses arising out of a collision between an automobile driven by the wife and a car driven by defendant which occurred in a supermarket shopping center. Seven of the enumerations of error deal with evidentiary rulings. The eighth contends the verdict to have been contrary to the evidence.

1. On cross examination of defendant two questions were asked which were ruled improper as asking for opinions which invaded the province of the jury. These were "Did Mrs. Wallis pull out from the place where she was parked into the path of your car, causing you to hit her car?" (T. 6) and "Did Mrs. Wallis cause you to hit her car by pulling out in front of your car?" (T. 8). The trial court ruled in each instance that the questions invaded the province of the jury.

The ruling of the trial court was correct. The cause of the collision

was a conclusion for the jury to make after considering all of the evidence. "While the right of a party to a thorough and sifting cross examination of witnesses called against him should not be abridged (Code § 38-1705), where, as here, the question propounded called for a conclusion by the witness as to matters which could be determined only by the jury, it was properly excluded. [Cits.]" *Rooker v. State,* 211 Ga. 361 (86 SE2d 307). These questions sought to obtain answers which would state either a conclusion or an opinion that would usurp the province of the jury as to the ultimate issue to be decided and therefore were improper. *City of LaGrange v. Pound,* 50 Ga. App. 219, 223 (177 SE 762); *Hughes v. Brown,* 111 Ga. App. 676, 679 (143 SE2d 30).

2. The second enumeration of error was based upon the following series of questions and answers: "Q. Miss Odom, what are the exact duties of an Assistant Dietitian of a hospital? A. Well, I see about the food and the preparation and the serving when the regular dietitian is out. Q. What about when the regular dietitian is there? Judge: Mr. Hilburn, might I inquire as to the relevancy of this testimony? Mr. Hilburn: May I have a chance to show its relevancy? Judge: Well, I'd like some indication of it; this incident didn't — Mr. Hilburn: If I have to expose my case, I'm trying to show that Miss Odom might have been in a hurry on the morning of the accident. Judge: Why don't you ask her if she was in a hurry? Mr. Hilburn: Because I have a right to ask these questions previously; I have a wide latitude — Judge; You do indeed, sir; and I beg your pardon. Proceed." (T. 12). Counsel asserts this was error in that he was thus required to divulge prematurely the objective of his cross examination. Error, if any, must be regarded as harmless. In order for a new trial to be obtained "Injury as well as error must be shown before a new trial will be granted." *Goodwyne v. State,* 38 Ga. App. 183, 184 (143 SE 443); *Ward v. Nance,* 102 Ga. App. 201 (8) (115 SE2d 781); and *Maloy v. Dixon,* 127 Ga. App. 151, 156 (193 SE2d 19).

3. The third enumeration of error attacks the trial court's refusal to admit in evidence a copy of an estimate of repairs on the husband's vehicle. Appellant contends this was admissible as a business record and relies upon the legislative declaration of liberality of interpretation (Code Ann. § 38-711). The trial court was correct in its ruling because the document was in the nature of opinion evidence as it was prepared by another person other than the witness, the other person having inspected the

automobile. A business record containing hearsay opinions is not generally admissible. *Pickett v. State,* 123 Ga. App. 1 (2) (179 SE2d 303).

Furthermore, in the absence of the party who inspected the automobile for cross examination purposes the opinion contained in the record is inadmissible. *Knudsen v. Duffee-Freeman, Inc.,* 95 Ga. App. 872, 879 (99 SE2d 370); *Wesley v. State,* 225 Ga. 22 (2) (165 SE2d 719); and *Hawkins v. Jackson,* 97 Ga. App. 525 (3) (103 SE2d 634). It should also be noted that the rejection of this document was harmless as the witness was permitted to testify in detail as to the damage without objection. (T. 17-18).

4. The trial court did not err in refusing to allow a police officer to refresh his memory from a police report prepared by another. Although the officer had participated in the investigation and in the writing in pen and ink of a police report the document submitted was typewritten by another individual. See *Calhoun v. Chappell,* 117 Ga. App. 865 (1) (162 SE2d 300).

5. During the presentation of plaintiff's case, defendant's attorney requested permission to present out of turn a defense witness. This was a police officer who had been ill. Consent was given by opposing counsel. (T. 47). After this witness had been cross examined plaintiffs' counsel immediately undertook to present at that time a witness for the purpose of impeachment of the police officer. Defendant objected that the proposed impeachment testimony was rebuttal testimony and should be reserved until after both plaintiff and defendant had completed their presentations. The trial court refused to allow this impeachment witness to testify at that particular time. Because plaintiffs' counsel had consented to the procedure it then became a matter within the trial court's discretion to decide if the case should continue in the usual course of plaintiff, defendant, and plaintiff rebuttal. There was no error in the court's ruling. "To the end that the trial should be fair and impartial and conducted in an orderly way, it is the duty of the trial judge to regulate the conduct of counsel, parties and witnesses, provided that in so doing he does not take away or abridge any right of a party under the law." *Owens v. State,* 11 Ga. App. 419 (5) (75 SE 519). As was pointed out in *Loomis v. State,* 203 Ga. 394, 404 (47 SE2d 58), the constitutional right to handle one's case in one's own way "is plainly subject to the inherent power of the court to prescribe the manner in which the business of the court shall be conducted, provided that this power can not be 'exercised in such a way as

to involve a deprivation of right.' " See also *Hopkins v. Allen,* 123 Ga. App. 330 (180 SE2d 919) and citations therein. Furthermore, it should be noted that the impeaching witness was subsequently used by plaintiff during the rebuttal portion of the trial.

6. The 6th assignment of error attacks the court's ruling in permitting cross examination of plaintiffs' counsel regarding the existence of a contingency fee contract. The ruling was not error as "Evidence tending to show the interest of a witness in the outcome or result of the case, especially where the witness is a party to the cause, is relevant and material and may always be considered by the jury in passing upon the credibility of the witness. Code § 38-1805." *Smith v. Davis,* 203 Ga. 175 (3) (45 SE2d 609).

7. The 7th enumeration of error contends the trial court erred in permitting defendant to introduce into evidence a diagram which purportedly depicted the scene of the collision. As it was specified that this diagram was not drawn to scale and served only as a general drawing of the scene for demonstration purposes, it was admissible. *Railway Express Agency v. Mathis,* 83 Ga. App. 415 (2) (63 SE2d 921); *Casteel v. Anderson,* 89 Ga. App. 68 (1) (78 SE2d 831); *Whitton v. Central of Ga. R. Co.,* 89 Ga. App. 304, 305 (1) (79 SE2d 331).

8. The 8th enumeration of error avers that "the verdict and subsequent final judgment entered thereon is contrary to the evidence presented in said case."

Plaintiffs below did not file a motion for a new trial but took a direct appeal from the judgment entered on the verdict. This is permissible. Code Ann. § 6-702. The facts here involved a collision between two automobiles with each driver asserting the other to be at fault. "Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for a jury, and a court should not take the place of a jury in solving them, except in plain and indisputable cases." *Peck v. Baker,* 76 Ga. App. 588 (1a) (46 SE2d 751). "The court will not disturb a verdict where there is sufficient evidence to support it. [Cits.]" *W. & A. Railroad v. Mathis,* 63 Ga. App. 172, 174 (10 SE2d 457). "Where the verdict can be supported under any proper view or theory of the evidence, it will not be set aside as being contrary thereto." *Sikes v. Bradley,* 20 Ga. App. 470 (1) (93 SE 111). "After judgment every presumption and inference favors it and the evidence must be construed to uphold

rather than to destroy it. [Cit.]" *Givens v. Gray,* 126 Ga. App. 309, 310 (190 SE2d 607). Under these established principles our review of the trial transcript shows there is no merit in this final assignment of error.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

ARGUED SEPTEMBER 17, 1973 — DECIDED NOVEMBER 28, 1973 — REHEARING DENIED DECEMBER 17, 1973 —

*Conrad Hilburn,* for appellants.

*Martin, Snow, Grant & Napier, Edward J. Harrell,* for appellee.