## 35685. DEPARTMENT OF TRANSPORTATION v. HOWARD.

MARSHALL, Justice.

In this case, the Department of Transportation brought suit against Norris Howard to enjoin his alleged encroachment upon the department's right-of-way of U. S. Highway 19 (State Route 9).

Howard operates a business adjacent to the highway. He constructed a storage shed lying approximately 28 feet from the centerline of the highway, and there is a fence on the property running parallel to the highway at a distance of approximately 28 feet from the centerline. It is Howard's contention that the department's right-of-way extends only 25 feet from the centerline. It is the department's contention that its right-of-way extends 40 feet from the centerline.

In 1934, the department's predecessor-in-title, the State Highway Department, obtained and recorded a deed from Mr. L. W. Wofford for a right-of-way extending a width of 40 feet from the centerline. However, this deed did not convey good legal title, because record title to the property was in Wofford's wife. At trial, the department sought to establish prescriptive title by reason of its continuous possession of the right-of-way under color of title for more than seven years.[1] In addition, the department argued that there had been an express dedication of a right-of-way 40 feet from the centerline in a plat prepared for the subdivision of the property, and that Howard had accepted the dedication by a reference to the plat in his deed.

The case was tried before a jury, and the jury returned a verdict in favor of the department. Howard filed a motion for judgment notwithstanding the verdict

---

[1] Although Howard does not raise the point, the state or other governmental entity may obtain title to property by prescription. 2 CJS 674, Adverse Possession, § 24 (1972); 3 AmJur2d 225, Adverse Possession, § 139 (1962).

and for new trial on the general grounds. The trial court denied Howard's motion for judgment notwithstanding the verdict. However, the trial court granted Howard's motion for new trial on the ground, not advanced by Howard, that instructions to the jury were "inconsistent, confusing and misleading with reference to the elements of constructive possession by the Department of Transportation and its predecessors in title." We granted the department's application for interlocutory appeal. We reverse.

Twice during the initial charge to the jury, and once during the recharge, the trial judge charged the jury on the elements of constructive possession. Each of these charges was practically a literal recitation of Code § 85-404: "Constructive possession of lands exists where one having paper title to a tract of land is in actual possession of only a part thereof. In such a case, the law construes the possession to extend to the boundary of the tract. Hence, adjacent owners may be in constructive possession of the same land, being included in the boundaries of each tract. In such cases, no prescription can arise in favor of either."

Howard's deed conveys him title to that part of Land Lot No. 614 "lying on the North side of Old Federal Road and in the shape of a triangle. Said tract being in the Northeast corner of said Lot No. 614." The property description in Howard's deed is indefinite. Therefore, it can not be said that he has paper title to the property lying beyond 25 feet from the highway centerline. Accordingly, the trial court correctly charged the jury that the department could acquire prescriptive title through constructive possession under color of title, as provided for in Code § 85-404.[2]

At one point in the recharge to the jury, the trial judge did instruct the jury that, "the lawful possession of a street or highway does not automatically in and of itself justify the adverse possession or prescriptive title to that strip of land; that in and of itself does not extend to the boundaries of the deed under the facts of this case. There

---

[2]We agree with the trial court that the rules of property law involved in this case are complex.

must be conduct and acts on the part of the plaintiff to establish title to the portion of land that it claims that it has title to by acts or conduct of the plaintiff. It takes more than just a mere possession of the strip that the cars travel down, and a few feet beyond that." To this extent, there may have been an inconsistency in the trial judge's instructions to the jury on the acquisition of prescriptive title through *either* adverse or constructive possession. But, this inconsistency operated in the defendant's favor, since it restricted the plaintiff's claim of prescriptive title through constructive possession under color of title. Therefore, this would not authorize the trial judge in granting the defendant's motion for new trial. "One can not complain of that which is favorable to him. See *Scott v. Gillis,* 202 Ga. 220, 227 (43 SE2d 95)." *Adams v. Smith*, 129 Ga. App. 850, 855 (201 SE2d 639) (1973). "'Injury as well as error must be shown before a new trial will be granted.'" *Wallis v. Odom,* 130 Ga. App. 437, 438 (203 SE2d 613) (1973).

The first grant of a new trial on special grounds involving a question of law is reviewable on appeal. *Smith v. Telecable of Columbus, Inc.,* 238 Ga. 559 (234 SE2d 24) (1977). We find that the trial court committed an error of law in granting the motion for new trial here.

*Judgment reversed. All the Justices concur, except Nichols, C. J., and Bowles, J., who concur in the judgment only.*

SUBMITTED DECEMBER 7, 1979 — DECIDED JANUARY 8, 1980 — REHEARING DENIED JANUARY 24, 1980.

*Arthur K. Bolton, Attorney General, Michael E. Hobbs, Assistant Attorney General, Charles M. Richards, Staff Assistant Attorney General,* for appellant.

*Spence, Garrett & Spence, D. William Garrett,* for appellee.