43754. BOARD OF TRUSTEES OF THE EMPLOYEES'
RETIREMENT SYSTEM OF THE STATE OF GEORGIA
et al. v. ENGLADE.
(349 SE2d 703)

WELTNER, Justice.

This is a mandamus action in which Englade sought an order compelling the Board of Trustees of the Employees' Retirement System of the State of Georgia to pay her certain benefits to which she claimed entitlement by reason of an "involuntary termination" from state service.

1. Prior to June 22, 1983, Englade's position with the Department of Offender Rehabilitation was that of Director of Public Affairs. She had been an employee of the State of Georgia for over twenty years and was forty-one years of age. Her position was abolished pursuant to a reorganization of her department. When she was informed of the reorganization and of its effects upon her, she was offered another position with the same department, with the same wage, but with altered responsibility.

None of these elements are contested by either party. The dispute centers upon the job offer. Englade contends that the offer was withdrawn before she had an opportunity to accept it. The board claims that she refused to accept the offer. If the offer had been withdrawn, then her termination was involuntary; if she refused it, then

her termination was voluntary. Under an involuntary separation her entitlement would be a pension of $1,933 per month commencing immediately and continuing for life. A voluntary termination would yield two options: she might withdraw her contributions to the retirement fund; or she might leave her contributions in the fund and receive benefits at the rate of $779 per month, commencing some nineteen years in the future.

The evidence at the trial was in conflict. Englade testified the job offer was withdrawn. Four employees of the department testified she rejected the offer. The jury found that she had been terminated involuntarily, and the trial court ordered the board to pay the larger benefits immediately.

2. At trial, the board sought to introduce the amount of the pension payments which Englade would receive immediately under an involuntary termination, as compared to the lesser, remote payments based upon a voluntary separation. The trial court rejected this evidence, which the board contends is admissible as to credibility. "Evidence tending to show the interest of a witness in the outcome or result of a case, especially where the witness is a party to the cause, is relevant and material and may always be considered by the jury in passing upon the credibility of the witness." *Smith v. Davis*, 203 Ga. 175, 176 (45 SE2d 609) (1947). Accord *Wallis v. Odom*, 130 Ga. App. 437, 440 (203 SE2d 613) (1973). OCGA § 24-9-80 provides: "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." "The interest of a witness in the result of the suit may always be considered in passing upon his credibility; and where there are circumstances inconsistent with the truth of his testimony, the jury are not obliged to believe him, even though he is not contradicted by any other witness." *Detwiler v. Cox*, 120 Ga. 638 (48 SE 142) (1904).

Because of sharp conflict in the evidence concerning the central issue as to the nature of Englade's separation, the jury properly should have been informed of the magnitude of her financial interest in the outcome of the case.

*Judgment reversed. All the Justices concur, except Clarke, P. J., and Smith, J., who dissent.*

CLARKE, Presiding Justice, dissenting.

I am unable to agree with the majority's holding that the evidence of the amount of pension payments was improperly excluded. I believe the time has come for Georgia to adopt the majority rule which authorizes a trial judge to exercise his discretion in excluding relevant evidence which has only slight probative value and which is outweighed by the risk that its admission will "(a) necessitate undue consumption of time, or (b) create substantial danger of undue

prejudice or of confusing the issues or of misleading the jury, or (c) unfairly and harmfully surprise a party who has not had reasonable opportunity to anticipate that such evidence would be offered." Agnor's Georgia Evidence, Sec. 10-2. If this rule is followed in the case before us, the trial court would be affirmed and trial judges in future cases would have a better opportunity to see that justice is done.

I am authorized to state that Justice Smith joins in this dissent.

DECIDED NOVEMBER 6, 1986 —
RECONSIDERATION DENIED NOVEMBER 25, 1986.

*Michael J. Bowers, Attorney General, Carl C. Jones, Senior Assistant Attorney General, Susan L. Rutherford, Assistant Attorney General,* for appellants.

*Troutman, Sanders, Lockerman & Ashmore, Alan E. Lubel,* for appellee.