A98A1428. BRASWELL v. HENDERSON et al.
(507 SE2d 237)

McMURRAY, Presiding Judge.

This is a breach of contract action arising from the purchase and sale of a package store. The defendant-sellers, Warren Braswell and Dianne Braswell, warranted that there was an inventory of at least $100,000 in the store. The plaintiff-purchasers, Jack Henderson and JoAnn Kirby, filed this action alleging that the inventory was of less than the promised value and seeking the amount of the shortfall as damages. The case was tried before the superior court, without a jury, and resulted in a plaintiffs' judgment of $33,557, less a set-off of $651 arising from a counterclaim. Defendant Dianne Braswell appeals. *Held*:

It was uncontroverted that the store's inventory was to be valued at wholesale rather than retail prices. Three witnesses provided evidence as to the value of the store's inventory.

An accountant testified as to an inventory conducted by his firm based on a physical count and each item's retail price. When the accountant learned that the inventory needed to be valued at whole-

sale, he attempted to calculate this value by taking a sample from each category of merchandise, that is liquor, beer, and miscellaneous, and obtaining invoices for the items in the sample so as to determine an average markup for each category. Based on this process the accountant concluded that the wholesale value of the inventory was $83,718.99, a shortfall of $16,281.01. Defendant Dianne Braswell relies upon the accuracy of this inventory as revised to show wholesale value.

Defendant Warren Braswell worked with plaintiff Kirby to complete an alternative inventory of the merchandise in the store using the physical count developed by the accounting firm but applying values obtained from records of wholesale invoices stored in the store's computer for approximately 85 percent of the merchandise and supplemental wholesale price information from other sources for the remainder. Both defendant Warren Braswell and plaintiff Kirby testified as to having worked together to complete their inventory, which according to plaintiff Kirby resulted in a valuation of approximately $67,000, or a shortfall of approximately $33,000.

Defendant Dianne Braswell objected to and sought to strike the testimony of defendant Warren Braswell and of plaintiff Kirby insofar as they based their opinions as to the value of the inventory upon the price information recorded in the memory of the store's computer. She maintained that such information was hearsay and did not provide a proper foundation for the testimony of these two witnesses as to the valuation of the inventory. These objections were overruled and form the basis of four enumerations of error which were argued collectively.

On appeal, the argument of defendant Dianne Braswell is primarily directed to the admissibility of the computer records and their status under OCGA § 24-3-14 which provides the business records exception to the rule against admission of hearsay. However, the computer records were not tendered or admitted into evidence at trial. Apparently, the argument is intended to be that the valuation testimony of defendant Warren Braswell and plaintiff Kirby is inadmissible or lacks probative value because it is based in part on hearsay in the form of the computer record.

However, value is a matter of opinion, and any witness may testify as to his opinion provided that he gives his reasons therefor. While hearsay has no probative value, opinions as to value may be based on hearsay. *Hasty v. Meaders*, 130 Ga. App. 62, 63 (1) (202 SE2d 263); OCGA § 24-9-65. Thus, the "non-experts[ ] could offer their opinions inasmuch as they provided the reasons therefor and had an opportunity to form a correct opinion. [Cit.] The fact that the opinions were based upon hearsay goes merely to their weight and not their admissibility. [Cits.]" *Four Oaks Properties v. Carusi*, 156

Ga. App. 422, 424 (3) (274 SE2d 783).

"Only in those situations where the testimony of the witness reveals there was no rational basis or reason for the opinion should the testimony be excluded." *Burch v. Lawrence*, 150 Ga. App. 351, 352 (1) (258 SE2d 35). In the case sub judice, the circumstances relating to the computer records provided no basis for excluding the opinion testimony predicated in part on this information.

Defendant Warren Braswell testified that while he was a part-owner of the business, he entered information concerning the price which the business paid for inventory on the computer. While he did not do any of these entries in the last three months before the sale of the store and his daughter did most of the entries for a number of months prior to the sale, his testimony was sufficient to establish the existence of a practice in the business to record the wholesale prices of inventory in the computer. Defendant Dianne Braswell testified that she had to rely on her daughters to help make the computer entries and that they were behind in making them, but she also maintained that the entries in the computer record were truthful. Furthermore, there was ample evidence that valuation of the inventory was an imprecise process because of the impossibility of connecting the merchandise on the shelf with any specific invoice, and due to fluctuations of price due to wholesale promotions and quantity discounts. Under these circumstances, we cannot conclude that the computer records, even with the known flaws, provided such an unreasonable or irrational basis for forming an opinion of value as would bar the admission of that evidence. Consequently, the opinion evidence of inventory valuation provided by defendant Warren Braswell and plaintiff Kirby was admissible, did not lack probative value, and provided a proper basis for the judgment of the superior court.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 23, 1998.

*Charles M. Johnson*, for appellant.
*Nelson, Gillis & Smith, Jon F. Helton*, for appellees.