A04A1636. DANIELS MORTUARY & CREMATORY, INC. et al.
v. BUSINESS LOAN CENTER, LLC.
(608 SE2d 545)

MILLER, Judge.

    A trial court issued an order confirming the sale of a funeral home in foreclosure. The previous owners appeal, arguing that there was no evidence to support the confirmation order. We disagree and therefore affirm.

    Viewed in the light most favorable to the trial court's findings, the evidence showed that in February 2002, Robert S. Hauck and Christine M. Hauck paid $650,000 for Daniels Mortuary & Crematory, Inc., a funeral home and cemetery located on two nonadjacent parcels of land in Clayton, Georgia. Business Loan Center (BLC) loaned $430,000 of the purchase price to the Haucks and also furnished them with two appraisals. After less than a year, the Haucks went into default. BLC initiated foreclosure proceedings and purchased the funeral home parcel (without the cemetery) for $185,000 at a public sale. BLC then brought an action to confirm the sale. At the outset of the confirmation hearing, the parties stipulated that the single issue before the court was the fair market value of the funeral home parcel. BLC presented expert testimony from one of the appraisers who had previously furnished the Haucks with an appraisal,

---

[2] *Southern Guaranty Ins. Co. v. Dowse*, 278 Ga. 674 (605 SE2d 27) (2004).

and Robert Hauck testified on his own behalf. The trial court upheld the sale, and the Haucks now appeal.

On appeal from an order confirming a foreclosure sale, we will not disturb the trial court's finding if there is any evidence to support it. *Fayette Promenade v. Branch Banking & Trust Co.*, 258 Ga. App. 323, 324 (574 SE2d 319) (2002).

1. In their first two enumerations of error, the Haucks attack the credibility of BLC's witness and contest the trial court's finding that Mr. Hauck's testimony was "not entitled to any significant weight." Here, a real estate appraiser whom the Haucks stipulated to be an expert testified that at the time of the sale, the property was worth $185,000. The trial court needed nothing more to issue its order of confirmation. See *Fayette Promenade*, supra, 258 Ga. App. at 327; *HSL/La Jolla Belvedere Enterprises v. Fed. S & L Ins. Corp.*, 201 Ga. App. 447, 447-448 (411 SE2d 329) (1991) (in confirmation proceedings, weighing of witness credibility is for the trial court).

2. The Haucks also contend that the trial court erred in excluding Hauck's testimony as to how he formed his opinion on the property's fair market value by the comparable sales method. We disagree.

A nonexpert can offer a hearsay opinion of the value of real property. *Braswell v. Henderson*, 234 Ga. App. 504, 505 (507 SE2d 237) (1998).

> [V]alue is a matter of opinion, and any witness may testify as to his opinion provided that he gives his reasons therefor. While hearsay has no probative value, opinions as to value may be based on hearsay. . . . The fact that the opinions were based upon hearsay goes merely to their weight and not their admissibility.

(Citations and punctuation omitted.) Id.

Hauck was not an expert on the subject of valuation by the comparable sales method, and the appraisal from which he derived his opinion as to the property's value by that method was not in evidence. His opinion on the subject was thus admitted despite its status as hearsay. The court was under no obligation to listen passively to further testimony tending to bolster that already admitted into evidence, and was within its rights as the trier of fact when it found that it "was not entitled to any significant weight."

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 13, 2004.

*Gary C. Harris*, for appellants.

*Lawson, Davis, Pickren & Seydel, Paul R. Jordan*, for appellee.