## A05A1638, A05A1639. GOVERNMENT EMPLOYEES INSURANCE COMPANY v. PROGRESSIVE CASUALTY INSURANCE COMPANY; and vice versa.

(622 SE2d 92)

BLACKBURN, Presiding Judge.

Following a jury trial in this declaratory judgment action concerning insurance coverage, Government Employees Insurance Company (GEICO) appeals the trial court's grant of a new trial, arguing that the trial court erred in concluding that the special verdict form (which resulted in a judgment in favor of GEICO) was defective. Progressive Casualty Insurance Company cross-appeals the trial court's denial of its motion for directed verdict, arguing that GEICO failed to meet the prerequisites for bringing a declaratory judgment action. We hold that the special verdict form was not defective and therefore conclude that the grant of a new trial on this ground was legal error. We reverse in Case No. A05A1638. Because we further hold that GEICO took the necessary steps to bring a declaratory judgment action, we affirm in Case No. A05A1639.

Construed in favor of the verdict, the evidence shows that GEICO issued an auto insurance policy to a man purporting to be Jason Cordova, which policy insured a car that this man had just purchased. This man used a credit card to pay the insurance premium. Two weeks later, the car collided with another vehicle, causing serious injuries to the occupants of the other vehicle.

Notified of the accident, GEICO investigated the matter and had extreme difficulty locating or contacting the alleged Cordova or the vehicle's driver for a statement regarding the accident circumstances. Accordingly, GEICO sent a reservation-of-rights letter to the alleged Cordova at the address listed in the policy, reserving GEICO's rights to contest coverage due to the alleged Cordova's failure to cooperate with the investigation. GEICO eventually discovered that the real Jason Cordova — whose name, birth date, and Social Security number had been fraudulently used to obtain the policy — lived in another state and knew nothing concerning the car, the insurance policy, or the accident. GEICO also learned that the credit card used to fund the policy was stolen and that the credit card company was back-charging GEICO's account for the full amount of the premium so as to remove the fraudulent charge from the credit card.

GEICO shortly thereafter filed this declaratory judgment action against the alleged Cordova, the alleged driver of the car, the victims of the accident, and the victims' uninsured motorist carrier (Progressive). GEICO contested coverage on grounds of fraud and misrepresentation, lack of cooperation, lack of proper notice, and failure to pay premium. At the conclusion of trial, the court submitted a special verdict form to the jury, which allowed the jury to find in favor of the

defendants or to find that coverage was excluded for any one or more of the following reasons: (i) GEICO was the victim of fraud and misrepresentation of material facts, (ii) the driver did not have permission to drive the vehicle, (iii) the driver failed to cooperate, or (iv) the driver failed to attend an examination under oath as required by the policy. Progressive objected to the special verdict form, arguing that the form allowed the jury to reach conclusions of law and that a jury should only be allowed to find facts.

Using this special verdict form, the jury checked only the line next to the finding that coverage was excluded because GEICO was the victim of fraud and misrepresentation. The court entered judgment in favor of GEICO, declaring that because the jury found that GEICO was the victim of fraud and misrepresentation, coverage for the defendants was excluded under the policy.

Progressive moved for a new trial, asserting only the special ground that the verdict form was defective in that it allowed the jury to reach conclusions of law regarding coverage. Progressive did not assert the general grounds, nor did Progressive file a copy of the trial transcript with the court prior to the hearing on the motion. The judge who presided at trial then retired, and a successor judge heard the motion for new trial. In the order granting the new trial on this special ground, the successor judge referenced that there was a "problem" with the verdict. We granted GEICO permission to appeal this interlocutory order.

### Case No. A05A1638

1. The issue at the outset is the standard for reviewing a first grant of a new trial on special grounds.

The first grant of a new trial on the general grounds will ordinarily not be disturbed by the appellate court absent an abuse of discretion in that the evidence demanded the verdict rendered. See OCGA §§ 5-5-50; 5-5-51, and *Dunn v. Gilbert*.[1] However, the first grant of a new trial on special grounds involving a question of law is reviewable in a proper appeal. *Smith v. Telecable of Columbus*.[2] The latter governs our consideration. *Cobb County Kennestone Hosp. Auth. v. Crumbley*.[3]

---

[1] *Dunn v. Gilbert*, 217 Ga. 358, 359 (122 SE2d 93) (1961).

[2] *Smith v. Telecable of Columbus*, 238 Ga. 559, 560 (234 SE2d 24) (1977).

[3] *Cobb County Kennestone Hosp. Auth. v. Crumbley*, 179 Ga. App. 896, 897 (348 SE2d 49) (1986).

(Citations and punctuation omitted.) *U. S. Indus. v. Austin*.[4] We review such a question of law de novo and reverse if the trial court committed legal error. See, e.g., *Dept. of Transp. v. Howard*;[5] *Bean v. Landers*;[6] *Dept. of Transp. v. Shelkeith, Inc.*[7]

2. Here, the only basis on which Progressive sought a new trial, and the only basis the court referenced in its order granting the new trial, was the special ground that the special jury verdict was defective in that the jury was allowed to reach legal conclusions as a part of its decision. Progressive maintains that special verdicts, which are required when a jury assists in a declaratory judgment case (see OCGA §§ 9-4-6; 9-11-49 (b)), may not allow the jury to reach legal conclusions. Progressive notes that the special verdict here allowed the jury to find that "[c]overage is excluded because GEICO was the victim of Fraud and Misrepresentation of material facts either at the time of the application, or at any time during the policy period or in connection with the presentation of this claim." Progressive argues that this was a legal conclusion, and that the verdict form should have focused only on whether GEICO was the victim of fraud (and not whether such excluded coverage under the policy). Boiled down to its essence, Progressive's complaint is that the words "[c]overage is excluded because" should not have been included at the beginning of the finding.

Progressive, however, is unable to cite any authority mandating that only very fact-specific findings, unmixed with any implicit or explicit legal conclusions, are allowed in special verdict forms. Indeed, such a rigid mandate would be difficult to enforce, for often the questions in the special verdict form have unavoidable implicit legal conclusions. For example, the unchallenged portion of the finding here refers to a finding of fraud, which would require the jury to apply the law of fraud to the facts.

Moreover, such a rigid mandate runs counter to the language of OCGA § 9-11-49 (a), which authorizes courts to construct a special verdict in any of three ways: (1) "the court may submit to the jury written questions susceptible of categorical or other brief answer"; (2) the court "may submit written forms of several special findings which might properly be made under the pleadings and evidence"; or (3) the court "may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate." This latter language is quite broad and allows the court great

---

[4] *U. S. Indus. v. Austin*, 197 Ga. App. 74 (1) (397 SE2d 469) (1990).

[5] *Dept. of Transp. v. Howard*, 245 Ga. 96, 98 (263 SE2d 135) (1980).

[6] *Bean v. Landers*, 215 Ga. App. 366, 367 (1) (450 SE2d 699) (1994).

[7] *Dept. of Transp. v. Shelkeith, Inc.*, 146 Ga. App. 581, 583 (2) (246 SE2d 706) (1978).

discretion in formulating the special verdict "as it deems most appropriate." Subsection (b) of OCGA § 9-11-49 reaffirms this discretion, providing that in cases where a special verdict is required (specifically referencing declaratory judgment cases), "[t]he court shall prescribe the form of the questions for submission to the jury." Based on this statute, *Sims v. Heath*[8] concluded that

> [t]he form of a verdict and the submission of a special verdict are within the discretion of the trial court, and, absent an abuse of that discretion, the court's choice will not be overturned. Even where a special verdict is required to be given to the jury, it is the court that shall prescribe the form of the questions for submission to the jury.

(Punctuation and footnote omitted.) Here, the court's decision to include the words "coverage is excluded because" prior to the four potential fact-findings in favor of GEICO may have been inartful and may have mixed in a question of law, but such did not constitute an abuse of discretion, particularly where no mandate forbade such and where the court statutorily had the power to formulate the jury's written findings "as it deems most appropriate." OCGA § 9-11-49 (a). Cf. *United States Fidelity &c. Co. v. State Farm &c. Ins. Co.*[9] (trial court submitted to jury special verdict containing mixed question of law and fact).

Accordingly, the successor judge's grant of a new trial — based solely on the erroneous legal conclusion that there was a defect with the special verdict form used by the judge presiding at trial — requires us to reverse in Case No. A05A1638. See *Shelkeith, Inc.*, supra at 583 (2). This ruling effectively reinstates the Final Judgment and Decree filed on October 11, 2004. This reinstatement renders moot GEICO's second enumeration of error.

### Case No. A05A1639

3. In its cross-appeal, Progressive argues that GEICO failed to meet the seven prerequisites, set forth in *Richmond v. Ga. Farm &c. Ins. Co.*,[10] for bringing a declaratory judgment action. Accordingly, Progressive contends that the court erred in denying its motion for directed verdict on GEICO's declaratory judgment action.

---

[8] *Sims v. Heath*, 258 Ga. App. 681, 687 (7) (577 SE2d 789) (2002).
[9] *United States Fidelity &c. Co. v. State Farm &c. Ins. Co.*, 195 Ga. App. 14 (1) (392 SE2d 574) (1990).
[10] *Richmond v. Ga. Farm &c. Ins. Co.*, 140 Ga. App. 215 (231 SE2d 245) (1976).

Progressive misinterprets *Richmond. Richmond* sets forth only three prerequisites for bringing a declaratory judgment action on insurance coverage.

> Upon learning of facts reasonably putting it on notice that there may be grounds for noncoverage and where the insured refuses to consent to a defense under a reservation of rights, the insurer *must* thereupon (a) give the insured proper unilateral notice of its reservation of rights, (b) take necessary steps to prevent the main case from going into default or to prevent the insured from being otherwise prejudiced, and (c) seek immediate declaratory relief including a stay of the main case pending final resolution of the declaratory judgment action.

(Emphasis in original.) Id. at 219 (1). Indeed, our appellate courts have often quoted these three prerequisites (not seven) as those necessary to bring a declaratory judgment action. See, e.g., *Kelly v. Lloyd's of London;*[11] *Southern Gen. Ins. Co. v. Buck.*[12]

Here, there is no dispute that GEICO met steps (b) and (c). At the time GEICO filed its declaratory judgment action, no suit was pending that could have gone into default or been prejudiced. GEICO timely filed its declaratory judgment action soon after learning of the relevant facts, an issue that Progressive freely concedes in its appellate brief. Progressive contests only that step (a) was not met in that GEICO's reservation-of-rights letter only listed the insured's lack of cooperation as the basis for questioning coverage. The letter did not list the additional four reasons GEICO raised in its declaratory judgment action, including the fraud and misrepresentation issue on which GEICO eventually prevailed.

Nothing in step (a), however, requires that the insurance company list each and every basis for contesting coverage in the reservation-of-rights letter before the company may raise such in the declaratory judgment action. To require such a listing would preclude an insurance company from amending its declaratory judgment complaint to add grounds learned in the meantime or during discovery. Such is counter to the basic concept of OCGA § 9-11-15 (a), which freely allows parties to amend their pleadings prior to entry of a pretrial order. Cf. *Direct Gen. Ins. Co. v. Drawdy*[13] ("the law does permit the plaintiff in a declaratory judgment action to amend its complaint to

---

[11] *Kelly v. Lloyd's of London*, 255 Ga. 291, 293 (336 SE2d 772) (1985).

[12] *Southern Gen. Ins. Co. v. Buck*, 202 Ga. App. 103, 104-105 (2) (413 SE2d 481) (1991).

[13] *Direct Gen. Ins. Co. v. Drawdy*, 258 Ga. App. 149, 151 (1) (572 SE2d 629) (2002), rev'd and vacated on other grounds, *Drawdy v. Direct Gen. Ins. Co.*, 277 Ga. 107 (586 SE2d 228) (2003).

add a different ground for relief from that relied on in the original complaint. The complaint is not subject to dismissal if either ground supports the claim for declaratory relief.") (footnote omitted).

Moreover, *Interstate Life &c. Ins. Co. v. Williamson*[14] stated the following regarding the related matter of determining whether an insurance company acted in bad faith in denying coverage:

> The test of bad faith within the meaning of the law in such cases is as of the time of trial, in the final analysis, and not at the time of refusal to pay upon demand. *Whatever the facts are at the time of such refusal to pay if at the trial there was a reasonable ground for the insurer to contest the claim there can be no finding against the insurance company for bad faith* and attorney's fees regardless of the outcome of the case.

(Emphasis supplied.) Because such indicates that an insurer may add grounds for noncoverage as of the time of trial, the insurer would be free to include grounds for noncoverage in its declaratory judgment complaint even though such were not listed in the reservation-of-rights letter.

Accordingly, the court did not err in denying Progressive's motion for directed verdict on GEICO's declaratory judgment complaint. We affirm in Case No. A05A1639.

*Judgment reversed in Case No. A05A1638. Judgment affirmed in Case No. A05A1639. Miller and Bernes, JJ., concur.*

DECIDED OCTOBER 17, 2005.

*Claxton & Claxton, William P. Claxton, Darcy S. Duval*, for appellant.

*Shur, McDuffie, Williams & Morgan, Michael L. Morgan*, for appellee.

---

[14] *Interstate Life &c. Ins. Co. v. Williamson*, 110 Ga. App. 557, 560 (1) (139 SE2d 429) (1964).