S05A1614. PARRIS v. LEIFELS.

(625 SE2d 390)

MELTON, Justice.

In this case regarding the imposition of a constructive trust on certain real property, the dispositive facts have been stipulated by the parties. Jack O. Parris is the former father-in-law of Denise Leifels, who married Parris' son on October 21, 1978. Parris gave his son and Leifels an undeveloped parcel of property, and the newlyweds built a home there using the proceeds of a construction loan. In 1979, Parris loaned his son and Leifels enough money to pay off this construction loan, and, in return, Parris' son and Leifels executed a security deed on the property in favor of Parris. Parris' son and Leifels made nine mortgage payments to Parris in 1980, but never made any other payments on the loan. Leifels paid the property taxes on the property each year.

During times when Leifels' relationship with her husband was strained, Parris promised her that, if she ever got divorced, she would continue to be able to use the marital property for herself and her children. In 2000, Leifels filed for divorce, and the final divorce decree awarded her possession of the property until her youngest child

---

[5] *Walton v. State*, 278 Ga. 432, 434 (603 SE2d 263) (2004).

[6] *McGee v. State*, 267 Ga. 560, 564 (480 SE2d 577) (1997).

graduated from high school. Until that time, Leifels' husband was required to make mortgage payments and maintain the home. After the youngest child's graduation, the divorce decree stated that the property was to be sold, and Leifels would receive one-half of the proceeds, not reduced by any indebtedness.

When notified about the divorce, Parris began demanding loan payments. Some time afterwards, Leifels remarried and moved off the property. Afterwards, Parris foreclosed, buying the property himself at the foreclosure sale. It is undisputed that this foreclosure was proper and legal. Following the foreclosure, Leifels filed a request that a constructive trust be imposed over the property, alleging only generally that equitable principles would be violated if Parris were allowed to remain sole owner. On May 9, 2005, the trial court ruled in favor of Leifels, finding that the imposition of a constructive trust was necessary to prevent Parris from being unjustly enriched. Parris now contends that this ruling is erroneous.

OCGA § 53-12-93 (a) provides: "A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to the property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." With regard to interests in real property, a constructive trust generally may not be imposed based solely on a broken verbal promise to hold or transfer the land for the benefit of another. *Mays v. Perry*, 196 Ga. 729 (27 SE2d 698) (1943). To hold otherwise would wholly undermine the Statute of Frauds. Id. A broken verbal promise may be the basis of a constructive trust, however, if it was fraudulently made "with the intention of being broken and for the purpose of thereby obtaining title." Id. at 736. See also *Westbrook v. Westbrook*, 212 Ga. 472 (93 SE2d 683) (1956) (no constructive trust over real property where plaintiff made no allegation that verbal promise was made with intention of later breaking it).

In the matter now before us, Leifels' case rests solely on Parris' broken verbal promise to allow her to continue to inhabit the property following her divorce from his son. There is no allegation in Leifels' pleadings or evidence in the record, however, that Parris made this promise with the intention of later breaking it so that he could take Leifels' interest in the property. In fact, the record shows that Leifels voluntarily left the property, despite any prior arrangement with Parris, and Parris never ultimately broke his promise to allow Leifels to use the home. As such, the facts do not support the imposition of a constructive trust against Parris, and the trial court's order imposing such a trust must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 17, 2006.

*Paul M. Ledbetter, Jr.*, for appellant.
*LaMalva & Oeland, David A. LaMalva, Paul J. Oeland IV*, for appellee.