A07A0367, A07A0368. PERRY v. PERRY; and vice versa.
(648 SE2d 193)

BARNES, Chief Judge.

These companion appeals arise from a dispute between John Paul Perry and his son, John Benjamin Perry, over a house in Snellville. In Case No. A07A0368, the father appeals the trial court's grant of a new trial on damages. In Case No. A07A0367, the son cross-appeals concerning the conduct of the trial. We reverse the trial court's grant of a motion for new trial as to damages and affirm the jury's verdict.

> Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict.

(Citation omitted.) *Booker v. Older Americans Council of Middle Ga.*, 278 Ga. App. 407 (629 SE2d 69) (2006).

So viewed, the record shows that the father was living in a house in Forest Park when his son asked him to sell that house and move into the son's house in Snellville. The son sought to use the proceeds of the sale to pay off the mortgage on the Snellville house, promising to prepare a new deed reflecting his father's ownership. The father then sold his house, gave his son the $93,000 proceeds, and moved into the Snellville house. The son never conveyed the property to his father as promised, however. Instead, he obtained a new $85,000 mortgage on the Snellville house and used this "bridge loan" to buy a new house worth over $500,000.

When information on the new mortgage came to the Snellville house, the father discovered it and demanded that the son pay off the mortgage and transfer the property to him. The son then drafted an agreement specifying that the father would receive 65 percent and the son 35 percent of the property's value upon its sale. The father agreed to sign the document, but testified that he did so "under protest" in order to obtain some acknowledgment of his interest in the house. The son eventually paid off the mortgage but never conveyed any interest in the property to his father.

The father then sued his son for conversion, fraud, constructive trust, and punitive damages. At trial, the father introduced without objection evidence that the Snellville house had been appraised in 2002 at $138,000 and in 2005 at $148,000. The son testified that the

house was worth $138,000 in 2002, and that the 2005 appraisal showed its value as $148,000. At the conclusion of the trial, the jury found the son liable for fraud and awarded the father a constructive trust in the Snellville house as well as $148,000 in damages. The trial court entered judgment on the verdict, adding that the constructive trust would be removed upon satisfaction of the money judgment. The trial court later granted the son's motion for new trial as to damages, however, holding that because the appraisals were "hearsay and improperly admitted," there was "no record evidence, other than the appraisals," to support the jury's award.

### Case No. A07A0368

1. We granted the father's application for interlocutory review to determine whether the trial court erred when it granted a new trial on damages on the ground that the appraisal evidence supporting the jury's damages award was inadmissible and nonprobative hearsay. OCGA § 24-9-66 provides:

> Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article in question but may testify as to its value if he has had an opportunity for forming a correct opinion.

As we have held, then, a nonexpert can offer an opinion of the value of real property, even if that opinion is based on hearsay. "While hearsay has no probative value, opinions as to value may be based on hearsay. . . . The fact that the opinions were based upon hearsay goes merely to their weight and not their admissibility." (Citations and punctuation omitted.) *Braswell v. Henderson*, 234 Ga. App. 504, 505 (507 SE2d 237) (1998); see also *Daniels Mortuary & Crematory v. Business Loan Center*, 270 Ga. App. 875, 876 (2) (608 SE2d 545) (2004).

Here, both parties testified as to the value of the Snellville house, including the appraisals. Given both parties' familiarity with the house, this testimony was probative evidence as to value, and the son was in no position to obtain a new trial on the ground that his own testimony on the subject was inadmissible. See *Daniels Mortuary*, supra (affirming admission of lay witness's opinion as to value of real property); *Booker*, supra, 278 Ga. App. at 409-410 (2) (affirming denial of motion for new trial where party complaining on appeal interjected evidence at issue). The trial court thus reached an erroneous legal conclusion when it held that there was no probative evidence to support the jury's damages award of $148,000, and also erred when it granted a new trial on this basis. See *Govt. Employees*

*Ins. Co. v. Progressive Cas. Ins. Co.*, 275 Ga. App. 872, 875 (2) (622 SE2d 92) (2005) (reversing grant of new trial based solely on the erroneous legal conclusion that there was a defect with the special verdict form). We therefore reverse the trial court's grant of a new trial limited to damages.

*Case No. A07A0367*

In the cross-appeal, the son argues that the trial court erred when it failed to grant a directed verdict and charged the jury on fraud, constructive trust, and damages. The son also alleges that the court erred when it allowed the introduction of evidence concerning the appraisals, the son's wealth, and the father's mental health.

2. To succeed on a claim for fraud,

> the plaintiff must show that the defendant made a false, material representation of an existing fact with knowledge that it was false or with reckless disregard as to whether it was true and that it was with the intent that it be acted upon by the plaintiff; and, further, that the plaintiff acted upon the misrepresentation in reasonable reliance of its truth in a manner reasonably foreseeable by the defendant and to the plaintiff's proximate injury.

*Brown v. Techdata Corp.*, 238 Ga. 622, 625 (234 SE2d 787) (1977). "Questions of fraud, the truth and materiality of representations made by a defendant, and whether the plaintiff could have protected himself by the exercise of proper diligence are, except in plain and indisputable cases, questions for the jury." Id.

"A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to [the] property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." OCGA § 53-12-93 (a).

> With regard to interests in real property, a constructive trust generally may not be imposed based solely on a broken verbal promise to hold or transfer the land for the benefit of another. . . . *A broken verbal promise may be the basis of a constructive trust, however, if it was fraudulently made with the intention of being broken and for the purpose of thereby obtaining title.*

(Citations and punctuation omitted; emphasis supplied.) *Parris v. Leifels*, 280 Ga. 135, 136 (625 SE2d 390) (2006). Finally, parol

evidence is admissible to show that a contract was fraudulently induced and that a constructive trust on the disputed property should be imposed. *Brown*, supra, 238 Ga. at 627; *Jenkins v. Jenkins*, 281 Ga. App. 756, 760 (1) (a) (637 SE2d 56) (2006) (parol and other evidence sufficed to sustain jury's verdict imposing constructive trust on checking account).

Here, the father testified that he sold his own house and gave his son the proceeds in reliance on the son's promise to put the house in the father's name. The father performed his obligations under this oral agreement when he paid the son those proceeds. See OCGA § 13-5-31 (2) (oral agreement may be enforced by side which has performed in accordance with the agreement). This and other evidence sufficed to deny the son's motion for directed verdict and to sustain the jury's verdict as to fraud and constructive trust. The parties' written agreement to split the equity 65/35 did not subsume the parties' original agreement. See *Wallace v. Bock*, 279 Ga. 744, 746 (1) (620 SE2d 820) (2005) (only "a valid and inconsistent agreement completely covering the subject-matter embraced by the original contract" can provide the basis for the merger of the original contract into a successor contract) (citations, punctuation and emphasis omitted); *Brown*, supra, 238 Ga. at 627 (affirming verdict for plaintiff buyer against defendant seller of a business where plaintiff had succeeded in creating jury question on each element of fraud claim); compare *Parris*, supra, 280 Ga. at 136 (reversing verdict imposing constructive trust when no evidence supported finding that father made oral promise concerning real property with intent to break the promise or that father actually broke the promise).

3. A trial court may not grant a motion for directed verdict based on a failure to prove damages

> unless there is a complete absence of any competent evidence on this issue. A trial court's approval of a jury verdict as to damages, moreover, creates a presumption of correctness that cannot be disturbed on appeal absent compelling evidence, and a reviewing court is powerless to interfere unless it is clear from the record that the verdict of the jury was prejudiced or biased or was procured by corrupt means.

(Punctuation and footnotes omitted.) *Dickey v. Clipper Petroleum*, 280 Ga. App. 475, 479-480 (4) (634 SE2d 425) (2006). There was evidence to support the jury's conclusion that had the son done what he had promised, the father would have received title in the house, which had been appraised at $148,000 in 2005. We therefore conclude that although the trial court erred when it later granted a new trial on the issue, it did not err when it entered judgment on the verdict as

to damages. Id. Our reversal in Division 1 of the grant of the son's motion for new trial thus restores the trial court's original entry of judgment on the verdict.

4. We review a trial court's decision to admit or exclude evidence only for an abuse of discretion. *Stovall v. DaimlerChrysler Motors Corp.*, 270 Ga. App. 791 (608 SE2d 245) (2004).

The son himself testified on direct examination as to his wealth, and thus induced any alleged error. See *Booker*, supra, 278 Ga. App. at 409-410 (2). The son has not shown that he was prejudiced by the admission of the tax records. See *Resseau v. Bland*, 268 Ga. 634, 636 (3) (491 SE2d 809) (1997) (tax appraiser's opinion as to value was admissible even if tax records themselves were inadmissible). Nor did the trial court err when it admitted testimony by the son's sister that her brother's actions "broke [her father's] heart." When he failed to object at trial, the son waived any argument he may have had on appeal. See *Smith v. Stacey*, 281 Ga. 601, 602 (1) (642 SE2d 28) (2007) (failure to obtain ruling on admissibility of testimony waives issue on appeal).

*Judgment affirmed in Case No. A07A0367. Judgment reversed in Case No. A07A0368. Smith, P. J., and Miller, J., concur.*

DECIDED JUNE 19, 2007.

*Michael E. McLaughlin, Gilder H. Howard, Sr.*, for appellant. *Larry A. Ballew*, for appellee.